The Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRADLEY WOOLARD, *et al.*,<br><br>Defendants. | NO. CR18-217-RSM<br><br>**THIRD PROTECTIVE ORDER RESTRAINING CERTAIN FORFEITABLE PROPERTY** |

THIS MATTER comes before the Court on the United States' Third Motion for Entry of a Protective Order Restraining Certain Forfeitable Property, as follows:

    a.    Approximately $15,000 in U.S. currency that was seized on or about October 10, 2019 from a residence located at 2719 84th Drive NE, Lake Stevens, Washington;

    b.    Approximately $5,119 in U.S. currency that was seized on or about October 10, 2019 from a residence located at 2719 84th Drive NE, Lake Stevens, Washington; and

    c.    Approximately $900 in U.S. currency that was seized on or about October 10, 2019 from a residence located at 2719 84th Drive NE, Lake Stevens, Washington.

Third Protective Order Restraining Certain Forfeitable Property - 1
*United States v. Woolard, et al.*, CR18-217-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The Court, having reviewed the papers and pleadings filed in this matter, hereby FINDS entry of a protective order restraining the above-described property (the "Subject Property") is appropriate because:

- A defendant in this case, Timothy Mantie, has been charged in the Third Superseding Indictment with the offense of *Conspiracy to Distribute Controlled Substances*, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (as set forth in Count 1) (Dkt. No. 279);
- The Third Superseding Indictment and the Third Forfeiture Bill of Particulars provided notice of the United States' intent to seek the forfeiture of property, including the Subject Property, pursuant to 21 U.S.C. § 853(a) (Dkt. Nos. 279, 368);
- Based on the facts set forth in the Affidavit of Drug Enforcement Administration Special Agent Joseph Cheng, there is probable cause to believe that the Subject Property is subject to forfeiture in this case; and
- To ensure that the Subject Property remains available for forfeiture, its continued restraint, pursuant to 21 U.S.C. § 853(e)(1), is appropriate.

NOW, THEREFORE, THE COURT ORDERS:

1. The United States' request for a protective order restraining the Subject Property pending the conclusion of this case is GRANTED; and

///
///
///

Third Protective Order Restraining Certain Forfeitable Property - 2
*United States v. Woolard, et al.*, CR18-217-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2. The Subject Property shall remain in the custody of the United States, to include its federal agencies and/or their authorized agents or representatives, pending the conclusion of criminal forfeiture proceedings and/or further order of this Court.

IT IS SO ORDERED.

DATED this 24th day of June, 2020.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

Presented by:

 */s/ Neal Christiansen*
Neal B. Christiansen
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-2242
Neal.Christiansen2@usdoj.gov

Third Protective Order Restraining Certain Forfeitable Property - 3
*United States v. Woolard, et al.*, CR18-217-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970