UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>BRADLEY WOOLARD,<br><br>Defendant. | CASE NO. CR18-217RSM<br><br>ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER |

This matter comes before the Court on the Motion for Review of Detention Order filed by Defendant Bradley Woolard. Dkt. #372. The Court has determined that oral argument is unnecessary. Mr. Woolard moves for reconsideration of Magistrate Judge Theiler's October 16, 2018, Order that he be detained pending trial, Dkt #33. Mr. Woolard's reasons for bringing this Motion now, after being detained for one and half years, are: 1) the conditions of confinement where he is detained deprive him of effective assistance of counsel, 2) that the COVID-19 pandemic is a significant change in circumstances imposing an unreasonable risk of harm from contagious disease while he is held in detention, and 3) the lengthy period of his pretrial detention violates due process. Dkt. #372 at 8–15. Mr. Woolard is currently being detained at the Federal Detention Center ("FDC") in SeaTac, Washington, where he alleges that he has been denied access to the law library and that he is unable to review discovery materials provided by his

ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER – 1

defense counsel. *Id.* Mr. Woolard is 41 years of age. *See id.* at 10. The only personal medical issues or COVID-19 risk factor cited by Mr. Woolard is high blood pressure, 160/99 as last tested at the FDC. Mr. Woolard does not provide any records documenting this condition. He does not articulate any issue with his detention at FDC that could not be said to apply to every other detainee.

An appeal of a magistrate's detention order is governed by 18 U.S.C. § 3145(b), which provides that "If a person is ordered detained by a magistrate judge… the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The District Court Judge with original jurisdiction then reviews de novo the Magistrate Judge's detention order. *See United States v. Koenig*, 912 F.2d 1990, 1192 (9th Cir. 1990). In ruling on a motion for pretrial detention, the Court must answer the same questions as the Magistrate Judge; whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community. 18 U.S.C. § 3142(f). The United States typically bears the burden of showing that defendant poses a danger to the community by clear and convincing evidence, and it bears the burden of showing that a defendant poses a flight risk by a preponderance of the evidence. *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991). However, the Bail Reform Act expressly provides that:

> [s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . or an offense under section 924(c) . . . of title 18 of the United States Code . . .

ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER – 2

18 U.S.C. § 3142(e).

The parties have accurately recounted the charges facing Defendant Woolard and the procedural history of this case, Dkt. #375 at 4; Dkt. #372 at 2–4, and the Court finds it unnecessary to restate all of this background information as it is well known to the parties. Defendant is alleged to have been involved in the distribution of over 400 grams of fentanyl pills, as well as the distribution of furanyl fentanyl pills. Dkt. #279 at 1-2. These carry a mandatory minimum penalty of ten years in prison. Defendant is also facing a five-year mandatory minimum consecutive sentence. In total, Defendant is charged with 27 counts, and twelve of these offenses carry mandatory minimum penalties of either five or ten years.

As an initial matter, the Court finds that generalized concerns over the current COVID-19 pandemic alone are not a valid basis to reopen the issue of detention. A detention order may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Defendant's main basis to reopen detention relies on speculation as to the risk he faces of contracting the disease at the FDC, where the new coronavirus has not been detected, without any significant analysis of his personal risk factors. Defendant's casual reference to a single testing of high blood pressure is sufficient. The Court finds that Defendant's information is too speculative and generalized to have a material bearing on the above issues.

There is a presumption of detention in this case because Defendant is facing a ten-year mandatory minimum term of imprisonment. Even if Defendant's new COVID-19 information was not speculative, the Court finds that Defendant's age and lack of adequately identified

ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER – 3

underlying medical conditions would not make him particularly vulnerable or otherwise part of a high-risk group. This is a significant point. Although the parties can debate whether or not the new coronavirus is or will be spreading at the FDC, the Court is not convinced that this constitutes a significant enough risk to this Defendant's health to warrant release given the initial bases for Judge Theiler to order detention, which were significant. *See, e.g.,* Dkt. #33 at 2 ("[t]he AUSA proffers evidence in support of the allegation that over thirty firearms, hundreds of thousands of rounds of ammunition, homemade silencers, approximately one million dollars, and more than 10,000 fentanyl pills were found during a search of defendant's residence, hidden in the attic, secret rooms, the walls, ceilings and appliances.").

Defendant also argues that he is being deprived of his Sixth Amendment right to counsel given the limitations on attorney visits at the FDC and lack of access to the law library. Dkt. #372 at 8–9. Defendant is still able to communicate with counsel via telephone, although his access has apparently been delayed or disrupted due to the FDC's efforts at social distancing. The Court finds that, under the circumstances, this is sufficient to provide Defendant with access to counsel. Mr. Woolard's access to the law library should resume soon. Future issues with his ability to review discovery materials can be addressed in a separate order if necessary and do not alone warrant release.

Finally, Defendant argues that the length and nature of his pretrial detention violates due process. Dkt. #372 at 13–15. The Ninth Circuit evaluates such challenges based on "the length of confinement in conjunction with the extent to which the prosecution bears responsibility for the delay that has ensued." *United States v. Gelfuso*, 838 F.2d 358, 359 (9th Cir. 1988). District courts within the Ninth Circuit have focused on three factors: "(1) the non-speculative length of expected confinement; (2) the extent to which the government (the prosecution and/or the court

ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER – 4

system) bears responsibility for pretrial delay; and (3) the strength of the evidence indicating [as here] a risk of flight [or] threat to the trial process . . . ." *United States v. Flores*, 2018 WL 3530837, at *2 (C.D. Cal. July 20, 2018); *United States v. Mukhtar*, 2012 WL 12953440, at *9 (D. Nev. July 17, 2012); *United States v. Ailemen*, 165 F.R.D. 571, 581 (N.D. Cal. 1996). Courts have also noted that "the closer the length of pretrial detention gets to the probable sentence, the more likely the courts are to find a due process violation." *Ailemen*, 165 F.R.D. at 581. The Government notes that Mr. Woolard's expected detention of twenty-four months is "nowhere close" to the sentence he is facing in this case, a mandatory-minimum fifteen-year term of imprisonment. Dkt. #375 at 12. The Government argues that the delay that has ensued in this case "does not arise from the fault of the government, but rather, from the complexity of the case, the number of co-conspirators, and the rise of a global pandemic in 2020." *Id.* The Court agrees with these points and continues to find that there is strong evidence indicating a risk of flight as set forth by Judge Theiler. Together these points lead the Court to conclude that the length of Mr. Woolard's detention is not a valid basis for reconsidering the detention order.

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that the Motion for Review of Detention Order filed by Defendant Bradley Woolard, Dkt. #372, is DENIED.

DATED this 1st day of July, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER – 5