UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>BRADLEY WOOLARD,<br><br>Defendant. | CASE NO. CR18-217RSM<br><br>ORDER DENYING MOTION TO RECONSIDER DETENTION ORDER |

This matter comes before the Court on the Motion to Reconsider Detention Order filed by Defendant Bradley Woolard. Dkt. #574. The Court has determined that oral argument is unnecessary.

Mr. Woolard moves for reconsideration of the Court's Order denying his prior Motion to reopen Magistrate Judge Theiler's October 16, 2018, Order that he be detained pending trial, Dkt #384. Mr. Woolard does not argue that the Court's prior Order contained legal error, rather that there is new information which could not have been brought to the Court's attention earlier that should change the Court's ruling. This new information is that "the FDC Seatac is now in the midst of a growing COVID-19 outbreak," "[t]he conditions including the access to counsel and to discovery at the FDC have worsened," and that the trial date in this case is increasingly uncertain. Dkt. #574. Mr. Woolard provides many specific details in his brief, including the

ORDER DENYING MOTION TO RECONSIDER DETENTION ORDER – 1

numbers of positive COVID-19 tests among detainees and staff, and the increasing challenges reviewing discovery or meeting in-person with counsel. Mr. Woolard also seeks temporary release under 18 U.S.C. § 3142(i). Section 3142(i) provides a mechanism for the Court to permit the temporary release of the person where it "determines such release to be necessary for preparation of the person's defense or for another compelling reason."

The Government argues that "rise in COVID-19 cases as FDC SeaTac (FDC) and in the Bureau of Prisons at large" is "worrisome" but that "this particular defendant should not be among those released, due to the danger he poses to others, and the risk of flight he presents." Dkt. #593 at 1.

Motions for reconsideration are disfavored. CrR 12(b)(13)(A). The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. *Id*.

The Court has already set forth the relevant facts for its prior analysis in its prior Order. *See* Dkt. #384. The Court pointed out that Mr. Woolard is 41 years of age, with limited evidence of hypertension and no other known health issues. The Court found that Mr. Woolard was speculating "as to the risk he faces of contracting the disease at the FDC, where the new coronavirus has not been detected, without any significant analysis of his personal risk factors." *Id*. at 3. While Mr. Woolard's risk of contracting COVID-19 at the FDC is now less speculative, the danger Mr. Woolard faces if he contracts COVID-19 remains entirely speculative due to a lack of evidence or serious analysis of her personal risk factors. Accordingly, the apparent outbreak of COVID-19 at the FDC is not alone a sufficient basis for the Court to reconsider its prior ruling. The Court remains unconvinced that this constitutes a significant enough risk to

ORDER DENYING MOTION TO RECONSIDER DETENTION ORDER – 2

this Defendant's health to warrant release given the initial bases for Judge Theiler to order detention, which were significant. *See, e.g.,* Dkt. #33 at 2 ("[t]he AUSA proffers evidence in support of the allegation that over thirty firearms, hundreds of thousands of rounds of ammunition, homemade silencers, approximately one million dollars, and more than 10,000 fentanyl pills were found during a search of defendant's residence, hidden in the attic, secret rooms, the walls, ceilings and appliances.").

The Court previously addressed Mr. Woolard's access to counsel arguments and found that he was "still able to communicate with counsel via telephone, although his access has apparently been delayed or disrupted due to the FDC's efforts at social distancing," and that "under the circumstances, this is sufficient to provide Defendant with access to counsel." Dkt. #384 at 4. The Court stated that "[f]uture issues with his ability to review discovery materials can be addressed in a separate order if necessary and do not alone warrant release." *Id*. Nothing in Mr. Woolard's latest Motion causes the Court to question these rulings. The Court notes that Mr. Woolard bears the burden of establishing circumstances warranting temporary release under Section 3142(i), and agrees with the Government that he "has been able to review discovery and coordinate with his defense counsel for approximately eighteen months, between the time of his arrest in September 2018 and when the Federal Detention Center (FDC) initiated safety protocols in March 2020" and that Mr. Woolard has been able to file pretrial motions. Dkt. #593 at 2. This, combined with the fact that the trial date in this case is not immediately upon us, calls into question his need for temporary release.

Finally, the Court has previously considered the duration of Mr. Woolard's detention and concluded that it is not a valid basis for reconsidering the detention order. Mr. Woolard's new facts on this point—the difficulty in scheduling trial given the COVID-19 pandemic—are well

known to the Court, do not materially change the Court's prior analysis, and do not warrant reconsideration of the Court's prior ruling.

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that the Motion to Reconsider Detention Order filed by Defendant Bradley Woolard, Dkt. #574, is DENIED.

DATED this 7th day of October, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE