UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>BRADLEY WOOLARD,<br><br>Defendant. | CASE NO. CR18-217RSM<br><br>ORDER DENYING MOTION TO DISMISS FOR VINDICTIVE PROSECUTION |

This matter comes before the Court on Defendant Woolard's Motion to Dismiss for Vindictive Prosecution. Dkt. #416. The Court has determined that oral argument is unnecessary. Mr. Woolard moves the Court "for an order dismissing all counts added after the filing of the original Indictment because those charges are the product of vindictive prosecution." *Id*. at 1. Mr. Woolard notes that a superseding indictment was sought in this case after he filed a motion challenging the searches of his property and shortly before an evidentiary hearing on that motion. *Id*. The timing of the superseding indictment serves as Mr. Woolard's only evidence of a likelihood of vindictive prosecution. Mr. Woolard argues that this case was "thoroughly investigated for several weeks from July 27, 2018 to September 1, 2018 before a criminal complaint was even filed" and that "[o]nly after the defense filed a motion to compel in camera review of materials related to the CI and a motion to suppress evidence and for a Franks hearing

ORDER DENYING MOTION TO DISMISS FOR VINDICTIVE PROSECUTION – 1

and after the court granted a hearing on defendant's motion to suppress did the government obtain the Superseding Indictment which added defendant's wife as a defendant and added 22 new counts against Woolard." Dkt. #416 at 7. Mr. Woolard's motion to suppress was filed on May 14, 2019, the superseding indictment was filed on June 12, 2019. *See* Docket.

To establish a claim of vindictive prosecution, ". . . the defendant must make an initial showing that charges of increased severity were filed because the accused exercised a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of vindictiveness." *United States v. Gallegos–Curiel*, 681 F.2d 1164, 1168 (9th Cir.1982). The Supreme Court has emphasized, however, that this presumption must be supported:

> There is good reason to be cautious before adopting an inflexible presumption of prosecutorial vindictiveness in a pretrial setting. In the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information possessed by the State has a broader significance. At this stage of the proceedings, the prosecutor's assessment of the proper extent of prosecution may not have crystallized. . . .
>
> In addition, a defendant before trial is expected to invoke procedural rights that inevitably impose some "burden" on the prosecutor. Defense counsel routinely file pretrial motions to suppress evidence; to challenge the sufficiency and form of an indictment; to plead an affirmative defense; to request psychiatric services; to obtain access to government files; to be tried by jury. It is unrealistic to assume that a prosecutor's probable response to such motions is to seek to penalize and deter.

*United States v. Goodwin*, 457 U.S. 368, 381, 73 L. Ed. 2d 74, 102 S. Ct. 2485 (1982). Once a presumption of vindictiveness has arisen, "the burden shifts to the prosecution to show that any increase in the severity of the charges did not stem from a vindictive motive, or was justified by independent reasons or intervening circumstances that dispel the appearance of vindictiveness." *Id.* at 1168.

ORDER DENYING MOTION TO DISMISS FOR VINDICTIVE PROSECUTION – 2

The Ninth Circuit has held that "a superseding indictment supports a presumption of vindictiveness when the additional charges are based on the same conduct that was the subject of the first indictment, when the same sovereign was involved, and, most importantly, when the decision to file increased charges directly followed the assertion of a procedural right." *United States v. Guarza-Juarez*, 992 F.2d 896, 907 (9th Cir. 1993).

The Government argues Mr. Woolard has failed to satisfy the "same conduct" element as follows:

> Here, the superseding indictment added completely new offenses, including conspiracy to commit money laundering, and fourteen substantive counts of money laundering. These fifteen new counts were not in any way "the same conduct" as that charged in the original indictment. (Cf. Dkt. 3 & Dkt. 81). The superseding indictment also added five new defendants (Anthony Pelayo, Robert Tabares, Jose Lugo, Shawna Bruns, Keith Strand, and Adrian Bergstrom), as well as substantive counts related to those defendants. (Dkt. 81). The superseding indictment also extended the time period of the drug conspiracy, from September 1, 2018 to May 30, 2019 (the date Pelayo's properties were searched). Finally, the superseding indictment added several drug counts that had not been charged or referenced in the original indictment. (New Counts 2, 3, 4, & 10).

Dkt. #521 at 3–4.

The Government also argues that "[t]he mere filing of a superseding indictment after a defendant files a pre-trial motion to suppress does not give rise to an appearance of vindictiveness," and that this "is all the defendant is alleging." *Id.* at 4 (citing *United States v. McCoy*, 495 Fed.Appx. 774 (9th Cir. 2012); *United States v. Kent*, 649 F.3d 906, 912–13 (9th Cir.) *cert. denied*, ––– U.S. ––––, 132 S.Ct. 355, 181 L.Ed.2d 224 (2011); *United States v. Gamez–Orduno*, 235 F.3d 453, 463 (9th Cir.2000); *United States v. Noushfar*, 78 F.3d 1442, 1446 (9th Cir.1996)).

ORDER DENYING MOTION TO DISMISS FOR VINDICTIVE PROSECUTION – 3

The Court finds that Mr. Woolard has failed to make an initial showing that charges of increased severity were filed because he exercised a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of vindictiveness. The Court agrees with the Government that the superseding indictment did not bring additional charges based on the same conduct as the first indictment, rather it reflected significant additional investigation and a broadening of the alleged criminal activity, who was involved, and the time period in which it took place. The Court further agrees that the timing of the superseding indictment in this case, roughly a month after the filing of Mr. Woolard's motion to suppress, fails on its own to give rise to an appearance of vindictiveness. Because Mr. Woolard has failed to make the initial showing, the Court need not proceed any further in its analysis of this issue.

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that the Defendant Woolard's Motion to Dismiss for Vindictive Prosecution, Dkt. #416, is DENIED.

DATED this 28th day of October, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO DISMISS FOR VINDICTIVE PROSECUTION – 4