UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>BRADLEY WOOLARD,<br><br>Defendant. | CASE NO. CR18-217RSM<br><br>ORDER DENYING WOOLARD MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION |

This matter comes before the Court on Defendant Woolard's Motion to Dismiss for Violation of Right to Speedy Trial. Dkt. #555. Oral argument was not requested in the initial Motion and the Court has determined it is unnecessary.

On September 1, 2018, Mr. Woolard was arrested in the Southern District of California based on a Complaint charging him with one count of possession of Furanyl Fentanyl with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). *See* Dkts. #1–2. Woolard made his initial appearance in this district on October 5, 2018. Dkt. #25. He was ordered detained on October 16, 2018, and a trial date of November 19, 2018 was set. Dkt. #32.

On October 22, 2018, Mr. Woolard, a co-defendant, and the United States jointly requested a continuance given the significant amount of discovery in the case. Dkt. #37. Mr. Woolard filed a speedy trial waiver through July 2019. Dkt. #36. The Court set trial for July 15,

ORDER DENYING MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION – 1

2019, finding that the time from filing to the new trial date was excludable pursuant to 18 U.S.C. § 3161(h)(7)(A). Dkt #38.

On May 14, 2019, Mr. Woolard filed a motion to suppress evidence. Dkt. #65. Before a hearing could take place, a superseding indictment was returned. Dkt. #81. The superseding indictment added several significant charges against Mr. Woolard and added new co-defendants. On June 20, 2019, based on a joint request of the government and Woolard's counsel, the hearing was stricken, with a new date to be set after counsel for the new defendants could assess whether to join the motion. Dkt. #137.

On July 9, 2019, the parties filed a joint motion requesting the trial be continued until January 27, 2020, given the increased complexity of the case and ballooning discovery. Dkt. #155. Associated with that request, Mr. Woolard filed a Speedy Trial waiver through February 28, 2020. Dkt. #157.

The Court granted the continuance and set trial for January 27, 2020, finding that the time from the filing of the joint motion to the new trial date was excludable under the Speedy Trial Act. Dkt. #162.

On October 22, 2019, a Second Superseding Indictment was returned adding additional counts and four new co-defendants, three of whom were named in the conspiracy charge, as well as some substantive offenses. Dkt. #171. By motion filed on November 13, 2019, the Government then sought to align the trial date for all defendants to the January 27, 2020, date set for Mr. Woolard's trial. Dkt. #242. A status conference took place on November 21, 2019. Dkts. #255 and #353. During that conference, counsel for Mr. Woolard stated that "I understand the case needs to be continued" but then objected to the continuance as being too long. Dkt. #353 at 8. Counsel acknowledged that he "had a lot more time than other counsel to review the discovery

ORDER DENYING MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION – 2

and to be getting ready because, up until the second superseding indictment was filed, we were preparing for the January 27th trial date." *Id.* The Court considered the time it would take new defendants and new counsel to get up to speed on reviewing discovery and set trial for June 8, 2020, finding that the time from the filing date of the motion to continue until the new trial date was excludable from the statutory speedy trial clock under the ends of justice, as set forth therein. Dkt. #256.

A third superseding indictment was returned on January 14, 2020. Dkt. #279. This new indictment did not add any substantive charges against Mr. Woolard or alter the trial date.

As the parties are well aware, the coronavirus disease 2019 (COVID-19) pandemic arrived in this District in February and March of 2020. On March 6, 2020, the Court entered General Order 01-20 continuing all in-court appearances until further notice. That order cited directives from the Seattle and King County Health Department and concluded that there was a a reduced ability to obtain an adequate spectrum of the jurors. Thereafter, General Order 02-20, entered on March 17, 2020, continued all trials scheduled to occur before June 1, 2020. Included in this order was a finding that the delays resulting from the General Order were excludable under 18 U.S.C. § 3161(h)(7)(A).

A telephonic status conference was held in this case on April 17, 2020. Dkt. #349. Counsel for Mr. Woolard objected to any continuance while requesting the earliest possible date. Dkt. #349 at 10. The Court then set a trial date of September 8, 2020. Dkt. #349 at 14.

A fourth superseding indictment was returned on July 29, 2020. The return of this superseding indictment did not change the trial date.

Another telephonic status hearing took place on August 21, 2020. Dkt. #550. Given the ongoing pandemic and general orders prohibiting jury trials, the Court struck the September 8,

ORDER DENYING MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION – 3

2020, trial date. *Id.* Instead of immediately setting a new trial date, the Court set a status hearing for October 8, 2020.[1] *Id.*

The instant Motion was filed three days later, on August 24, 2020. Dkt. #555. Mr. Woolard moves to dismiss the case against him for violation of speedy trial rights under the Sixth Amendment and Speedy Trial Act, 18 U.S.C. § 3161. *Id.* at 1. As the Government has noted, however, Mr. Woolard does not brief his claim that the Speedy Trial Act was violated.[2] Instead he devotes his analysis to violation of the Sixth Amendment.

In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, courts generally consider four factors: (1) the length of the delay; (2) the reason for the delay; (3) whether, when, and how the defendant asserted his right to a speedy trial; and (4) whether the defendant was prejudiced by the delay. *Doggett v. United States*, 505 U.S. 647, 651 (1992) (citing *Barker v. Wingo*, 407 U.S. 514 (1972)). This list is not exclusive and none of the factors is controlling. *Barker*, 407 U.S. at 533. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. *Id.* When considering the prejudice factor, the Court looks to: (1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and concern; and (3) limiting the possibility that delay will impair the defense. *Id.* at 532. "Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.*

---

[1] At the October 8, 2020, status hearing, trial was set for June 21, 2021, for reasons stated on the record. Dkt. #609. The Court later entered a written order finding that, given the pandemic, the ends of justice served by continuing the trial outweighed the best interest of the public and the defendants to a speedy trial. Dkt. #611 at 2 (citing 18 U.S.C. § 3161(h)(7)(A)). The Court specifically found, "[t]he nature and complexity of this particular case, which, at present, involves five defendants, seven defense counsel, and three Assistant United States Attorneys, would involve a trial of several weeks, and would require several dozen individuals gathered together in the trial courtroom." *Id.* The period of time from June 8, 2020, to June 21, 2021 was excluded under 18 U.S.C. § 3161. *Id.*

[2] Mr. Woolard points out that the Speedy Trial Act requires a trial date to be set "at the earliest practicable time." Dkt. #555 at 3. A trial date has now been set and the Court finds this was done at the earliest practicable time given the shifting health conditions caused by the COVID-19 pandemic.

ORDER DENYING MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION – 4

The Court has considered these factors and finds that Mr. Woolard's Sixth Amendment right to a speedy trial has not been violated. It is true that the length of delay in this case has been long for this Defendant—over two years. This alone is not dispositive. The Court must conduct a careful examination of the reasons for this delay. Most of the delay was due to increasing complexity as additional charges and co-defendants were added, which created discovery issues. Such delays are not typically weighed against the Government. *See, e.g., United States v. Alexander*, 817 F.3d 1178, 1182-83 (9th Cir. 2016). Mr. Woolard agreed that the first two continuances were needed to give adequate time to process discovery. The trial was extended once over his objection one month prior to the arrival of the COVID-19 pandemic, but the Court found this necessary given the addition of charges and co-defendants. In any event, the arrival of the COVID-19 pandemic would have made any jury trial impossible from March to the present day, for the reasons stated above and in the Court's General Orders on the subject. For example, General Order No. 11-20, dated July 30, 2020, and effective at the time this Motion was filed, stated "[t]he Court continues to find that, due to the current inability to obtain an adequate spectrum of jurors and the effect of the above public health situation on the availability of witnesses, counsel, and Court staff to be present in the courtroom, the time period of the continuances implemented by this General Order will be excluded under the Speedy Trial Act, as the Court finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. §3161(h)(7)(A)."

Looking at the remaining Sixth Amendment factors, a review of the record demonstrates that Mr. Woolard's assertion of his speedy trial rights only slightly cuts in his favor. Finally, the prejudice to Mr. Woolard as a result of this delay is inconclusive. Mr. Woolard focuses on harm

ORDER DENYING MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION – 5

he has encountered by being detained during this pandemic and difficulties communicating with counsel. Dkt. #555 at 2. However, it is not the delay but the pandemic that is causing these harms. Mr. Woolard has failed to demonstrate that *delay* is impairing his defense by pointing to, *e.g.*, dimming memories or loss of exculpatory evidence. Considering all of the above, Mr. Woolard's Sixth Amendment right to a speedy trial has not been violated and dismissal is not the appropriate remedy.

The Court finds that its reference in a status hearing to the option of a "remote bench trial" does not constitute being "forced" by the Court "to choose between his right to trial by jury and right to be present in court, in order to obtain a speedier trial." Dkt. #555 at 7. In any event, a jury trial date has now been set for June 21, 2021.

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant Woolard's Motion to Dismiss for Violation of Right to Speedy Trial, Dkt. #555, is DENIED.

DATED this 3rd day of November, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE