1

2

3

4

5

6                                    UNITED STATES DISTRICT COURT
                                  WESTERN DISTRICT OF WASHINGTON
7                                            AT SEATTLE

8        UNITED STATES OF AMERICA,

9                      Plaintiff                        CASE NO. CR18-217RSM

10                 v.                                   ORDER DENYING DEFENDANT
                                                        WOOLARD'S MOTION TO SUPPRESS
11                                                      EVIDENCE FROM ICLOUD ACCOUNT
         BRADLEY WOOLARD,
12
                       Defendant.
13

14
         This matter comes before the Court on Defendant Woolard's Motion to Suppress
15
16   Evidence from iCloud Account.  Dkt. #398.  The Government has filed an opposition brief.  Dkt.

17   #531.  The Court has determined that an evidentiary hearing is unnecessary.

18       The Court will not recount the lengthy background of this case, as set forth by the

19   Government, *see* Dkt. #531.  The background of the investigation is well known to the parties.

20   Defendant Woolard's Motion sticks to a very limited set of facts—what was included in the

21
     January 8, 2019, warrant—and the Government's Motion relies almost exclusively on case law
22
23   and a single exhibit, an email from Apple cited below.

24       Mr. Woolard moves to suppress "all evidence obtained from the search of his Apple

25   iCloud Account described as Target Account 1 in the search warrant issued by Magistrate Judge

26   McCandlis…" Dkt. #398 at 1.  This warrant authorized the seizure of all information from Apple

27

ORDER DENYING MOTION TO SUPPRESS EVIDENCE FROM ICLOUD ACCOUNT – 1

related to Mr. Woolard's account "including any messages, records, files, logs, or information." The warrant then authorized law enforcement to search for records pertaining to the alleged crimes that occurred between January 1, 2013, and the present. *See* Case No. 2:19-mj-00005-PLM, Dkt. #1.

Mr. Woolard argues that this warrant violates the Fourth Amendment because it was overbroad and lacked particularity.  Specifically, he argues that Judge McCandlis issued an overbroad "seize first, search second" warrant for the entire account without any time or content limitations and without "sufficient procedures and safeguards for electronically stored information so that the executing officers can segregate 'responsive material from the rest of [the defendant's] account." *Id.* at 3 (citing *United States v. Flores*, 802 F.3d 1028, 1044 (9th Cir. 2015).  Mr. Woolard argues that the warrant should have required a "filter team to separate information that was beyond the scope of the warrant." *Id.* at 4–5 (citing *In Re Application for a Search Warrant to Seize and Search Electronic Devices from Edward Cunnius*, 770 F. Supp. 2d 1138 (WDWA 2011)).

The Government argues that it followed a standard two-step process for warrants under Rule 41(e)(2)(B) and the Electronic Communications Privacy Act, and that it would not have been feasible for the warrant to impose temporal or content restrictions on the initial seizure:

> …the defense's motion overlooks the fact that a temporal limitation would have had no practical effect because Woolard's Apple account was created after the period covered by the criminal investigation. Similarly, the defense's motion does not – and cannot – explain how Apple could have applied temporal or content restrictions to the 17.7 gigabytes of compressed data contained in the account that had to be accessed and reviewed using special forensic tools.

Dkt. #531 at 2.  The Government cites an email from Apple indicating that certain files being turned over contained "aggregated data where Apple was unable to apply a date filter," and where

ORDER DENYING MOTION TO SUPPRESS EVIDENCE FROM ICLOUD ACCOUNT – 2

Apple advised that "you may need to work with a cellular forensics expert to access and review the provided data."  Dkt. #531-1 at 1. The Government goes on to cite to *United States v. Sam*, 2020 WL 2131285, CR19-0115-JCC (WDWA May 5, 2020) as a recent case that addressed this issue.

"The Fourth Amendment was designed to prevent law enforcement officers from engaging in 'general exploratory searches.'" *United States v. Shi*, 525 F.3d 709, 731 (9th Cir. 2008).  To achieve that goal, the Fourth Amendment imposes several requirements on a search warrant.  One of those requirements is that a warrant must not be overbroad.  *Shi*, 525 F.3d at 731–32.  In analyzing whether a warrant is overbroad, the Ninth Circuit considers three factors: (1) whether probable cause exists for seizure of all items described in the warrant; (2) if there are objective standards in the warrant that allow officers to distinguish between items subject to seizure from items not subject to seizure; and (3) whether the items described in the warrant could be described with more particularity considering the information available.  *Shi*, 525 F.3d at 731–32.

Mr. Woolard does not contest that the Government had probable cause for seizure.  With respect to the second *Shi* factor, the Court finds that this warrant had objective standards to guide the search of Woolard's iCloud account, which were set forth in Part II of Attachment B.  The Court finds that, like in *Sam*, *supra*, the warrant issued here was not required to include a temporal restriction on the seizure of the account because the entire account needed to be searched to find "records pertaining to the alleged crimes that occurred between January 1, 2013, and the present" and to link the account to Mr. Woolard.  The nature of the way the information was stored made it impractical for Apple to apply temporal or content restrictions.  The Court agrees with *Sam* as to there not being a constitutional requirement for the Government to use a filter team in this

ORDER DENYING MOTION TO SUPPRESS EVIDENCE FROM ICLOUD ACCOUNT – 3

case. *See* 2020 WL 2131285 at *3.  Given all of the above, the Court finds that Mr. Woolard has not set forth a basis to suppress this evidence.

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant Woolard's Motion to Suppress Evidence from iCloud Account, Dkt. #398, is DENIED.

DATED this 23rd day of February, 2021.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO SUPPRESS EVIDENCE FROM ICLOUD ACCOUNT – 4