UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>BRADLEY WOOLARD,<br><br>Defendant. | CASE NO. CR18-217RSM<br><br>ORDER DENYING DEFENDANT WOOLARD'S MOTION TO COMPEL GOVERNMENT TO IDENTIFY CO-CONSPIRATOR STATEMENTS |

This matter comes before the Court on Defendant Woolard's Motion to Compel Government to Identify Co-Conspirator Statements. Dkt. #401. The Government has filed an opposition brief. Dkt. #516.

The Court need not recount the lengthy background of this case to rule on this limited issue. Defendant Woolard's Motion focuses on the basic procedural facts and state of discovery in this case. Mr. Woolard is charged, along with several other co-defendants, with Conspiracy to Distribute and the Possession with Intent to Distribute Furanyl Fentanyl, firearm offenses and Money Laundering. The Government has produced hundreds of thousands of pages of discovery, including numerous text messages and other electronic communications. Both parties cite to the Scheduling Order, which states that "the government is to produce Jencks Act, Rule 26.2, and Giglio impeachment materials, including information relating to known non-testifying declarants

ORDER DENYING DEFENDANT WOOLARD'S MOTION TO COMPEL GOVERNMENT TO IDENTIFY CO-CONSPIRATOR STATEMENTS – 1

under Fed.R.Evid. 806 (if any), three weeks before trial." Dkt. #389 at 2. It does not direct the Government to identify with particularity the statements it will seek to introduce as co-conspirator statements under F.R.E. 801(d)(2)(E). Motions in limine are to be filed three weeks prior to trial as well. *Id*. at 3.

Mr. Woolard moves the Court to compel the Government to identify with particularity the co-conspirator statements "sufficiently in advance of trial so that motions in limine may be brought as to those statements" or to "prevent the government from offering any of the alleged out-of-court co-conspirator statements during their case in chief." Dkt. #401 at 4.

The Government argues that this Motion is premature because there are several pending evidentiary Motions that will affect available co-conspirator statements and unnecessary because the Scheduling Order will give Defendants enough time to prepare to object to co-conspirator statements at trial, even if they cannot do so via motions in limine three weeks prior to trial. Dkt. #516. The Government cites to three cases out of New York where the instant relief was denied. *Id*. at 3 (citing *United States v. Barret*, 824 F. Supp. 2d 419, 461 (E.D.N.Y. 2011); *United States v. Rivera*, 2010 WL 1438787 (E.D.N.Y 2010); *United States v. Russo*, 483 F.Supp.2d 301, 310 (S.D.N.Y.2007)). The Government also argues this Motion is unduly burdensome "because, as to verbal testimony, the government cannot know in precise detail what cooperating co-conspirators might say on direct (or cross) examination." *Id*. at 2. The Government points out that Defendants are seeking to compel "more specific obligations on the government than any Statute, Criminal Rule, Local Rule, or precedent demands." *Id*.

The Court agrees that the instant Motion is premature to the extent that the Government cannot be expected to provide all the co-conspirator statements it will rely on prior to the Court's rulings on pending evidentiary Motions. More importantly, however, the Court finds that

ORDER DENYING DEFENDANT WOOLARD'S MOTION TO COMPEL GOVERNMENT TO IDENTIFY CO-CONSPIRATOR STATEMENTS – 2

disclosure now is unnecessary and overly burdensome given the existing mechanisms for Defendants to object in the pretrial period and at trial, and unwarranted in that Defendants are asking for more than is required by law and the Court's Scheduling Order. If necessary, the Court will rule on a pretrial motion from Defendants on this issue filed after the deadline for motions in limine but prior to trial.

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that the Defendant Woolard's Motion to Compel Government to Identify Co-Conspirator Statements, Dkt. #401, is DENIED.

DATED this 24th day of February, 2021.

*[signature]*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE