UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BRADLEY WOOLARD and <br> ANTHONY PELAYO, <br><br> Defendants. | CASE NO. CR18-217RSM <br><br> ORDER DENYING DEFENDANTS' MOTIONS TO SEVER |

This matter comes before the Court on Defendant Woolard's Motion to Sever, Dkt. #556, and Defendant Pelayo's Motion to Sever, Dkt #558. The Government opposes these Motions in a joint Response brief. Dkt. #560. Defendant Woolard filed a Reply brief. Dkt. #563.

Defendants move for separate trials under Rule 14, which states, "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Defendants essentially argue that trial has been continued multiple times, that "the court has determined it cannot safely accommodate a multidefendant jury trial," and that severance would allow these Defendants to "proceed to trial as soon as possible." *See* Dkt. #556 at 1–2. Defendant Woolard states, "[t]his court can accommodate a single defendant trial now, but when it could

ORDER DENYING DEFENDANTS' MOTIONS TO SEVER – 1

possibly accommodate a multi-defendant trial is completely unknown." *Id*. at 2–3. Defendant Pelayo makes much the same argument. *See* Dkt. #558 at 3.

In Response, the Government argues that "[w]hen defendants are indicted together, the federal system prefers joint trials." Dkt. #560 at 2 (citing *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. Lane*, 474 U.S. 438, 449 (1986)). A joint trial is "particularly appropriate where [as here] co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the evidence would be admissible against each of them in separate trials." *Id.* (quoting *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004)). The Government frames this case thusly:

> …it is important to understand that Woolard and Pelayo are not the lowest rung defendants in this case, nor some random conspirator who happened to be in a stash house where drugs were found. They are essentially co-lead defendants in an international drug conspiracy that lasted several years, and took years to investigate. The conspiracy led to charges against eleven defendants. Six defendants remain set for trial, five of whom appear intent on trial. As the lead defendants, the evidence against Woolard and Pelayo would involve virtually the same evidence, exhibits, and testimony as against each and every defendant proceeding to trial. Thus, a severance of their cases into separate trials would significantly, and detrimentally, impact judicial efficiency.

*Id*. at 2–3. The Government maintains that Defendants have failed to demonstrate prejudice, *id.* at 3–4, and that severance would not promote the health, safety, or welfare of Defendants or the public, *id.* at 4–7.

Since the filing of these Motions in August of 2020 there have been no in-person criminal trials in this District due the health risks of the pandemic; COVID-19 infections have gone dramatically up, then down; and vaccines have finally started to lower the risk of a large in-person gathering. Throughout the pandemic, the Court has issued General Orders with

ORDER DENYING DEFENDANTS' MOTIONS TO SEVER – 2

procedures limiting in-person criminal hearings and trials.  In this case the Court, citing General Order 04-21, recently set an in-person hearing for all pending motions on June 21, 2021, and continued trial to July 19, 2021, the Court's next available date.  Given the increasing pace of vaccinations and the decline in infections, the Court fully expects to proceed with an in-person trial of all remaining defendants on that date.

The Court finds that Defendants' Motions fail to set forth prejudice because individual in-person criminal trials were not available under the General Orders of this Court.  Trials are now being set to begin on May 17.  *See* General Order 04-21.  Individual trials in this case could not have proceeded without resolution of the many pending motions, some of which require evidentiary hearings and witnesses; these hearings also could not have happened any sooner.  In other words, before the Court could have held individual trials for Woolard and Pelayo, a multi-defendant trial was set.

Even if Defendants had shown some degree of prejudice, this would almost certainly be outweighed by the need for judicial efficiency given the amount of evidence related to the conspiracy charges in this case.

Accordingly, having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant Woolard's Motion to Sever, Dkt. #556, and Defendant Pelayo's Motion to Sever, Dkt #558, are DENIED.

DATED this 15th day of April, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANTS' MOTIONS TO SEVER – 3