UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRADLEY WOOLARD,<br>JOSE FELICIANO LUGO, and<br>JEROME ISHAM,<br><br>Defendants. | CASE NO. CR18-217RSM<br><br>ORDER DENYING DEFENDANTS'<br>MOTIONS TO SEVER COUNTS |

This matter comes before the Court on Defendant Woolard's Motion to Sever Count 8, Dkt. #390, Defendant Lugo's Motion to Sever Count 46, Dkt #412, and Defendant Isham's Motion to Sever Counts 32 and 33, Dkt #437. The Government has filed opposition briefs to the first two Motions. Dkts. #519 and #533. Woolard and Lugo have filed Reply briefs. Dkts. #576 and #589. For the reasons stated below, the Court DENIES all three Motions.

A. Legal Standard

Rule 8(a) states:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

ORDER DENYING DEFENDANTS' MOTIONS TO SEVER COUNTS – 1

The rule "should be construed broadly in favor of initial joinder." *United States v. Golb*, 69 F.3d 1417, 1425 (9th Cir. 1995); *United States v. Ford*, 632 F.2d 1354, 1373 (9th Cir.), *cert. denied*, 450 U.S. 934, 101 S.Ct. 1399, 67 L.Ed.2d 369 (1981). The term "transaction" is interpreted flexibly, and "whether a 'series' exists depends on whether there is a 'logical relationship' between the transactions." *United States v. Vasquez–Velasco*, 15 F.3d 833, 843 (9th Cir.1994) (citations omitted). Joinder of charges against multiple defendants is particularly appropriate when the charges involve substantially overlapping evidence. *Id*. at 844.

Rule 14 states, "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "Joinder is not prejudicial where all of the evidence of the separate count would [still] be admissible upon severance." *United States v. Prigge*, 830 F.3d 1094, 1098 (9th Cir. 2016) (internal citations omitted).

### B. Defendant Woolard

Defendant Woolard takes issue with the joinder of Count 8, being an "unlawful user of a controlled substance in possession of firearms." The charge alleges:

> Beginning on a date unknown but at least by July 27, 2018, and continuing through on or about August 19, 2018, at Arlington, in Snohomish County, within the Western District of Washington, and elsewhere, BRADLEY WOOLARD, then knowing he was addicted to a controlled substance and was an unlawful user of a controlled substance, did knowingly possess in and affecting interstate and foreign commerce firearms, that is: [list of 33 firearms].

Dkt. #279 ("Third Superseding Indictment") at 7–9. Mr. Woolard argues that evidence of his drug use, frequency of drug use and drug addiction "has no bearing on any of the other charges but such evidence is extremely prejudicial…. When joined with the other 26 counts against

Woolard [because] a jury might assume that a drug addict would be more likely to engage in the other alleged crimes or have a criminal disposition." Dkt. #390 at 2.

The Government argues that the "[t]he evidence of Woolard's drug habit is likely to be admissible against Woolard even if Count 8 were severed, because it provides obviously relevant evidence of Woolard's overriding motive to engage in drug trafficking: easy access to drugs to satisfy his own habit, and the money necessary to fuel that habit and his expensive trips to rehabilitation centers." Dkt. #519 at 4. The Government cites to several cases where drug addiction testimony was admissible to prove motive and found not to be overly prejudicial. *Id*. (citing *United States v. Miranda*, 986 F.2d 1283, 1285 (9th Cir.1992); *United States v. Bitterman*, 320 F.3d 723, 727 (7th Cir. 2003); *United States v. Kadough*, 768 F.2d 20 (1st Cir. 1985); *United States v. Thompson*, 2007 WL 756712 (N.D. Oklahoma 2007)). The Government also maintains that any prejudice here would "be minimal" because "evidence of Woolard's other charged conduct is far more unseemly than the mere drug use or addiction alleged in Count 8." *Id*. at 5. The Government speculates that "evidence that Woolard was also a drug user is likely to be a significant *mitigating* factor." *Id*. (emphasis in original).

The Court finds Mr. Woolard has failed to show that evidence of his drug use, frequency of drug use or drug addiction have no bearing on any of the other charges. Such may be used to demonstrate motive for the reasons set forth by the Government. Furthermore, Mr. Woolard has failed to demonstrate prejudice given the other evidence that will be presented, and even if there were minimal prejudice it would not outweigh the significant benefits to judicial economy of joinder. The Court agrees with the Government that the proof as to Count 8 overlaps with proof as to other counts, *e.g.* the possession of firearms, and there will be the same witnesses testifying

about drug-use and drug distribution. *See* Dkt. #519 at 5–6. This Motion will be denied. Defendant may raise the issue of a limiting instruction at trial.

### C. Defendant Lugo

Defendant Lugo moves to sever Count 46 of the Third Superseding Indictment, Felon in Possession of Firearms:

> Beginning on a date unknown, but at least by March 25, 2017, at Arlington, in Snohomish County, within the Western District of Washington, and elsewhere, Jose Feliciano Lugo, knowing that the had been convicted of the following crime punishable by imprisonment for a term exceeding one year [distribution of oxycodone] …did knowingly possess, and did aid and abet in the possession of, in and affecting interstate and foreign commerce firearms, that is: [list of 13 firearms].

Dkt. #279 at 24–25. Mr. Lugo argues that the Government's only evidence supporting this count are text messages with co-defendant Woolard discussing the sale of firearms and that the Government has never argued that this transaction with Mr. Woolard "had anything to do with the charged narcotics conspiracy in Count 1, or the related substantive counts." Dkt. #412 at 3. Mr. Lugo argues that text messages show this firearms transaction was meant to be kept secret from Mr. Woolard's wife, an alleged co-conspirator, and that this shows it was not a transaction connected to the conspiracy. *Id*. at 3.

The Government argues Mr. Lugo sold these firearms to Mr. Woolard with the help of another co-defendant, Mr. Pelayo, and that these firearms were used in furtherance of the drug trafficking conspiracy. Dkt. #533 at 5–6. All of this occurred using the same phones used in the Count 1 conspiracy. There is enough factual connection to the other counts to justify joinder under Rule 8 here, despite the unknown reasons why Mr. Woolard's wife was to be kept in the dark. There are apparently no witnesses or exhibits unique to count 46, *i.e.* every witness and exhibit that the government would offer to prove this count will also be presented at the trial-in-

ORDER DENYING DEFENDANTS' MOTIONS TO SEVER COUNTS – 4

chief if it were severed. The Government maintains that Mr. Lugo has failed to show prejudice, and that all of this evidence would still be admissible at the trial-in-chief. For example, the Government argues that evidence of Mr. Lugo's prior conviction would still be admissible:

> Lugo's prior conviction for drug trafficking, and the facts underlying it—specifically, that Lugo delivered oxycodone pills to an undercover officer at the behest of a co-conspirator, conduct that is similar to what the evidence shows was part of Lugo's role in this conspiracy—would be offered to show Lugo's knowledge, intent, and lack of mistake in the current case.

Dkt. #533 at 8 (citing *United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005)).

The Court agrees that Mr. Lugo has failed to demonstrate prejudice, that the charges are logically connected and involve substantially overlapping evidence, and that judicial economy would not be served by severance. This Motion will be denied. Defendant may raise the issue of a limiting instruction at trial.

### D. Defendant Isham

Defendant Isham moves to sever Counts 32 and 33 of the Third Superseding Indictment, Felon in Possession of a Firearm and Possession of a Firearm in Furtherance of a Drug Trafficking Offense. *See* Dkt. #279 at 18–19. These counts are based on an arrest and search on August 3, 2018, when Mr. Isham was allegedly found in possession of illegal drugs and a firearm. The other counts filed against him are the above Count 1 conspiracy, as well as counts for possession and attempted possession of furanyl fentanyl with intent to distribute. *Id.* Mr. Isham argues that "severance or bifurcation of the firearm counts from the drug count is appropriate to avoid having the jury in the drug trial learn that defendant is either a felon or was in possession of a firearm." Dkt. #437 at 3.

Given the above standards, Mr. Isham has failed to demonstrate that these charges are not logically connected to the remaining charges. They involve substantially overlapping evidence.

ORDER DENYING DEFENDANTS' MOTIONS TO SEVER COUNTS – 5

If the Government is going to prove that the possession of the firearm was in furtherance of a drug trafficking offense, the evidence will be logically connected to the drug trafficking conspiracy offense, the possession and attempted possession offenses, and the felon in possession of a firearm offense. The Court does not need briefing from the Government to know that many of the same arguments above would apply, *e.g.* the witnesses who will testify as to these two counts will already be called in the case-in-chief, and prejudice would be minimal because the same evidence would be admissible even if these counts were severed. Judicial economy would not be served by severance. This Motion will be denied. Defendant may raise the issue of a limiting instruction at trial.

Accordingly, having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant Woolard's Motion to Sever, Dkt. #390, Defendant Lugo's Motion to Sever, Dkt #412, and Defendant Isham's Motion to Sever, Dkt #437, are DENIED.

DATED this 30th day of April, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE