UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff

v.

BRADLEY WOOLARD,

Defendant.

CASE NO. CR18-217RSM

ORDER DENYING SECOND MOTION FOR REVIEW OF DETENTION ORDER

This matter comes before the Court on the second Motion for Review of Detention Order filed by Defendant Bradley Woolard. Dkt. #676. The Court finds oral argument unnecessary. Mr. Woolard moves for reconsideration of Magistrate Judge Theiler's October 16, 2018, Order that he be detained pending trial, Dkt #33. The Government opposes. Dkt. #679.

The Court has previously denied Mr. Woolard's request for review of this detention order, addressing his current argument that the length of his detention violated due process. Dkt. #384. The Court denied his Motion for Reconsideration. Dkt. #606. Trial is now set to begin in less than two months.

Mr. Woolard renews his Motion for two reasons: the continued passage of time ("thirty-one months in custody is a violation of his right to Due Process"), and because of certain statements made in the recent opinion issued in *United States v. Torres*, No. 21-50006 (9th Cir.

ORDER DENYING SECOND MOTION FOR REVIEW OF DETENTION ORDER – 1

4/23/21). Dkt. #676 at 1–2.[1] The Ninth Circuit in that case upheld the detention in a case similar to this one, cited a case for the proposition that there is "no bright-line limit on the length of detention that applies in all circumstances," pointed out that the twenty-one month detention was "deeply troubling," and stated that if the defendant was not tried by his current trial date "the district court and the prosecution must consider whether further prolonging detention crosses the line from regulatory to punitive detention."

The Government cites to *Torres* as well and argues that "following conviction at trial, Woolard will be facing a 15-year mandatory minimum term of imprisonment, and, potentially, an advisory Guidelines range of life in custody," and that "Woolard's detention as of now (and the time of trial) is nowhere close to his probable sentence," thus it "does not create the due process concerns expressed in… *Torres*." Dkt. #679 at 2.

An appeal of a magistrate's detention order is governed by 18 U.S.C. § 3145(b), which provides that "If a person is ordered detained by a magistrate judge… the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The District Court Judge with original jurisdiction then reviews de novo the Magistrate Judge's detention order. *See United States v. Koenig*, 912 F.2d 1990, 1192 (9th Cir. 1990). In ruling on a motion for pretrial detention, the Court must answer the same questions as the Magistrate Judge; whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community. 18 U.S.C. § 3142(f). The United States typically bears the burden of showing that defendant poses a danger to the community by clear and convincing evidence, and it bears the

---

[1] The Court notes that Mr. Woolard has not cited to a published version of the recent Ninth Circuit opinion to which he bases his entire Motion, nor has he attached a copy to his Motion, nor does he provide an accurate case number. The Government's brief supplies the correct case number, 21-50006. *See* Dkt. #679 at 1.

ORDER DENYING SECOND MOTION FOR REVIEW OF DETENTION ORDER – 2

burden of showing that a defendant poses a flight risk by a preponderance of the evidence. *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991). However, the Bail Reform Act expressly provides that:

> [s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . or an offense under section 924(c) . . . of title 18 of the United States Code . . .

18 U.S.C. § 3142(e).

The parties have previously recounted the charges facing Defendant Woolard and the procedural history of this case, Dkt. #375 at 4; Dkt. #372 at 2–4, and the Court finds it unnecessary to restate this background information as it is well known to the parties. Defendant is alleged to have been involved in the distribution of over 400 grams of fentanyl pills, as well as the distribution of furanyl fentanyl pills. Dkt. #279 at 1-2. These carry a mandatory minimum penalty of ten years in prison. Defendant is also facing a five-year mandatory minimum consecutive sentence. In total, Defendant is charged with 27 counts, and twelve of these offenses carry mandatory minimum penalties of either five or ten years.

Defendant has previously argued that the length and nature of his pretrial detention violates due process. Dkt. #372 at 13–15. The Ninth Circuit evaluates such challenges based on "the length of confinement in conjunction with the extent to which the prosecution bears responsibility for the delay that has ensued." *United States v. Gelfuso*, 838 F.2d 358, 359 (9th Cir. 1988). District courts within the Ninth Circuit have focused on three factors: "(1) the non-speculative length of expected confinement; (2) the extent to which the government (the

ORDER DENYING SECOND MOTION FOR REVIEW OF DETENTION ORDER – 3

prosecution and/or the court system) bears responsibility for pretrial delay; and (3) the strength of the evidence indicating [as here] a risk of flight [or] threat to the trial process . . . ." *United States v. Flores*, 2018 WL 3530837, at *2 (C.D. Cal. July 20, 2018); *United States v. Mukhtar*, 2012 WL 12953440, at *9 (D. Nev. July 17, 2012); *United States v. Ailemen*, 165 F.R.D. 571, 581 (N.D. Cal. 1996). Courts have also noted that "the closer the length of pretrial detention gets to the probable sentence, the more likely the courts are to find a due process violation." *Ailemen*, 165 F.R.D. at 581. The Government has previously noted that Mr. Woolard's length of detention is "nowhere close" to the sentence he is facing in this case, a mandatory-minimum fifteen-year term of imprisonment. Dkt. #375 at 12. The Government has previously argued that the delay that has ensued in this case "does not arise from the fault of the government, but rather, from the complexity of the case, the number of co-conspirators, and the rise of a global pandemic in 2020." *Id.* The Court has previously agreed with these points and found that there is strong evidence indicating a risk of flight as set forth by Judge Theiler. *See, e.g.,* Dkt. #33 at 2 ("[t]he AUSA proffers evidence in support of the allegation that over thirty firearms, hundreds of thousands of rounds of ammunition, homemade silencers, approximately one million dollars, and more than 10,000 fentanyl pills were found during a search of defendant's residence, hidden in the attic, secret rooms, the walls, ceilings and appliances.").

The Court has reviewed the briefing from the parties and its prior analysis of this issue. The Court continues to find that the delay in this case has not been caused by the Government but rather the case's complexity and the COVID-19 pandemic. The Court has taken into consideration the continued passage of time and compared this case to *Torres*. The Defendant in that case was awaiting trial on drug charges carrying a five-year mandatory minimum sentence. Here, Mr. Woolard is facing twice or three-times that sentence. Even if the facts were the same,

ORDER DENYING SECOND MOTION FOR REVIEW OF DETENTION ORDER – 4

the defendant in *Torres* was not released. While the amount of pre-trial detention in this case is troubling, it does not legally justify reconsidering the detention order given the above analysis, the bases for detention in the first place, and the current proximity to trial.

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that the Second Motion for Review of Detention Order filed by Defendant Bradley Woolard, Dkt. #676, is DENIED.

DATED this 28th day of May, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE