UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> BRADLEY WOOLARD, <br><br> Defendant. | CASE NO. CR18-217RSM <br><br> ORDER DENYING MOTION TO SUPPRESS IDENTIFICATION |

This matter comes before the Court on the Motion to Suppress Identification filed by Defendant Bradley Woolard. Dkt. #394. Mr. Woolard moves to suppress "both the out of court and in court identification of defendant Bradley Woolard or his photograph by witness Danette Skelton… because the identification procedures employed were unfairly suggestive making any identification unreliable." *Id*. at 1. The Government concedes that it will not be introducing the out of court, single photo identification of Mr. Woolard, but argues that in-court identification by the witness is permissible. Dkt. #517. The Court has concluded that an evidentiary hearing is not necessary for this Motion.

The parties appear to agree on the following facts. Bradley Woolard is charged in this case with drug conspiracy, money laundering conspiracy, substantive drug possession charges,

ORDER DENYING MOTION TO SUPPRESS IDENTIFICATION – 1

being a felon in possession of a firearm, and possession of a firearm in furtherance of a drug trafficking crime.

During a search of Mr. Woolard's residence a discarded package label had the name "Danette Skelton" on the recipient mailing label along with her address. On September 6, 2018, members of the Snohomish Regional Drug and Gang Task Force met with Ms. Skelton. She was asked about the package, denied receiving it, and when asked about Bradley Woolard denied knowing him.

The next day agents met with Ms. Skelton and obtained a consent to search her phone. She was shown a photograph of the package label found at the Woolard residence and stated she did not have any knowledge of the package. She was also informed that agents found her phone number on a phone seized from Woolard's residence.

On December 19, 2018, agents again interviewed Ms. Skelton. She then said an old co-worker put her in contact with "Larry" who needed to have parcels shipped to someone. Skelton stated she provided her name, address and phone number, which were provided to "Larry" after which a parcel arrived. Skelton received one package from China for "Larry."

Ms. Skelton said she met Larry at a Walmart and gave him the package. She described Larry as 5'7" with slightly dark skin and that he was wearing a baseball cap and drove a silver pick-up truck. Skelton was shown a driver's license photograph of Keith Strand, which she did not identify, and a booking photograph of Bradley Woolard, which she did not identify. Skelton was then shown another photograph of Woolard which she said looked similar to "Larry." Skelton stated she met "Larry" two times: at the Walmart meeting and once at a Burger King where "Larry" helped Skelton look over her car for possible repairs.

ORDER DENYING MOTION TO SUPPRESS IDENTIFICATION – 2

The Court must conduct a two-step inquiry into the constitutionality of a pretrial identification procedure. First, the court must determine whether the procedure was "so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384, 19 L. Ed. 2d 1247, 88 S. Ct. 967 (1968); second, if the identification procedure was impermissibly suggestive, the court must decide whether it was "nonetheless reliable." *Manson v. Braithwaite*, 422 U.S. 98, 107 (1977); *Neil v. Biggers*, 409 U.S. 188, 198-200, 34 L. Ed. 2d 401, 93 S. Ct. 375 (1972). The Court in *Simmons* stated that the danger of initial identification by photograph "may be substantially lessened by a course of cross-examination at trial which exposes to the jury the method's potential for error." 390 U.S. at 384. The Court in *Braithwaite*, considering single-photo identification, set forth the following factors to be considered: "the opportunity of the witness to view the criminal at the time of the crime, the witness's degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself." 422 U.S. at 114. Even if a prior out-of-court identification is deemed unduly suggestive, an in-court identification may be permitted if it is reliable. *United States v. Gregory*, 891 F. 2d 732 (9th Cir. 1989).

The Government argues that an in-court identification should be allowed where "it can be said that the identification was 'the product of observations at the time of the crime' rather than the result of 'impressions made during the suggestive pretrial photographic identification process.'" Dkt. #517 at 5 (citing *United States v. Hanigan*, 681 F.2d 1127, 1133 (9th Cir.1982)).

The Court must consider all of the surrounding circumstances in determining whether Ms. Skelton's out-of-court identification of Mr. Woolard was so impermissibly suggestive that

ORDER DENYING MOTION TO SUPPRESS IDENTIFICATION – 3

it tainted any subsequent identification testimony, including an in-court identification. The Court has reviewed the above factors and finds that Ms. Skelton's single-photo identification was neither unreliable nor unduly suggestive.[1] Ms. Skelton was shown photos of two people—Keith Strand and Bradley Woolard—and stated only that Mr. Woolard looked "similar" to "Larry." While the reliability of Ms. Skelton's identification may be deduced from the significant amount of face-to-face time she spent with "Larry," the weakness of her certainty weighs against a finding of undue suggestion. The danger of initial identification by photograph may be substantially lessened by cross-examination at trial. If Ms. Skelton can make an in-court identification, which remains to be seen, the Government and defense are free to inquire about her degree of certainty.

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that the Motion to Suppress Identification filed by Defendant Bradley Woolard, Dkt. #394, is DENIED.

DATED this 28th day of May, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Government points out in a footnote that Ms. Skelton's verbal description of "Larry" is not inconsistent with Mr. Woolard, who is also 5'7" and drove a white pickup truck. *See* Dkt. #517 at 3 n.1.

ORDER DENYING MOTION TO SUPPRESS IDENTIFICATION – 4