UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>BRADLEY WOOLARD,<br><br>　　　　Defendant. | CASE NO. CR18-217RSM<br><br>ORDER DENYING MOTION RE: SPOUSAL PRIVILEGE |

This matter comes before the Court on Defendant Woolard's "Motion to Invoke Spousal Privilege and Suppress Privileged Statements." Dkt. #405. Mr. Woolard initially moved for an "order that communications including both words and acts between Mr. Woolard and his wife S.B. made while they were married, which were intended to be confidential communications, are privileged and therefore S.B. may not testify as to those communications." *Id*. at 1. The Government argues this is overbroad. Dkt. #524 at 1. On Reply, Mr. Woolard acknowledges "the government has not yet produced any statements made by S.B." and that "the exact nature of the statements is not clear." Dkt. #579 at 1. He thus asks only for the Court to "direct the government to disclose well in advance of trial any statements it intends to offer through S.B. so that objections and ruling can be made with the need to delays during trial." *Id.* at 2. The Court has concluded oral argument is not necessary for this Motion.

ORDER DENYING MOTION RE: SPOUSAL PRIVILEGE – 1

Bradley Woolard is charged in this case with drug conspiracy, money laundering conspiracy, substantive drug possession charges, being a felon in possession of a firearm, and possession of a firearm in furtherance of a drug trafficking crime. His wife, S.B., was charged with various crimes in the First Superseding indictment and has since pled guilty to Conspiracy to Distribute Controlled Substances and Money Laundering. Mr. Woolard believes she is cooperating with the government and may testify at trial.

The two met in approximately 2006 and married on June 10, 2017. Mr. Woolard was arrested in September of 2018. For the next several months, Mr. Woolard and S.B. continued to communicate with one another while he was in custody. On October 31, 2019, Mr. Woolard filed a "Petition for Divorce (Dissolution)" in Snohomish County Superior Court, alleging the marriage was "irretrievably broken." Dkt. #526 (filed under seal). He specifically asked the court to "find that our marital community ended on 9/13/2018." *Id.*

Rule 501 states that "the privilege of a witness [or] person ... shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Courts recognize two privileges in a marital relationship. The first is the "anti-marital facts" privilege, which allows a witness to refuse to testify against his or her spouse. *See Trammel v. United States*, 445 U.S. 40, 53 (1980); *United States v. White*, 974 F.2d 1135, 1138 (9th Cir. 1992); *United States v. Montgomery*, 384 F.3d 1050, 1056 (9th Cir. 2004). The second is the "marital communications" privilege, which (1) extends to words and acts intended to be a communication; (2) requires a valid marriage; and (3) applies only to confidential communications. *United States v. Marashi*, 913 F.2d 724, 729-30 (9th Cir. 1990). The privilege does not cover communications after an otherwise married couple has "irreconcilably separated." *Id.* at 730 (citing *United States v. Roberson*, 859 F.2d 1376, 1381

(9th Cir. 1988)).  The non-testifying spouse may invoke the privilege, even after dissolution of the marriage.  *Id.* at 729.

Also at issue in this case will be the "partnership in crime" exception.  *See* Dkt. #524 at 6 (citing *Marashi*, *supra*).  Under this exception, a spouse of an accused is permitted to testify willingly concerning joint criminal activities.  *Marashi,* 913 F.2d at 730 (citing *United States v. Estes*, 793 F.2d 465, 466 (2d Cir. 1986)).

The Court is convinced, and Mr. Woolard appears to concede, that it cannot grant the instant Motion as originally drafted.  This is because the Government has pointed to several factual and legal bases for S.B. to testify about communications during the time frame that they were legally married.  The Court will not rule on these issues in a vacuum.  If the Government intends to offer testimony from this witness that could potentially trigger the privileges above, this issue can be addressed swiftly at trial without significant delay or inconvenience.  As such, disclosure prior to trial by the Government is unnecessary.

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that the "Motion to Invoke Spousal Privilege and Suppress Privileged Statements" filed by Defendant Bradley Woolard, Dkt. #405, is DENIED.

DATED this 10th day of June, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION RE: SPOUSAL PRIVILEGE – 3