UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff

v.

BRADLEY WOOLARD,

Defendant.

CASE NO. CR18-217RSM

ORDER DENYING MOTION TO SUPPRESS EVIDENCE FROM CELL PHONE N-71

This matter comes before the Court on Defendant Woolard's Motion to Suppress Evidence from Cell Phone N-71 and Evidence Subsequently Derived from the Search of that Phone, Dkt #406. The Court has reviewed Mr. Woolard's Motion, the Government's Response, Dkt. #549, and the Reply, Dkt. #586.

Mr. Woolard argues that the Government violated his rights under the Sixth Amendment and attorney client privilege by possessing, accessing, and possibly using attorney-client privileged information from a cell phone seized at the time of his arrest on September 1, 2018, when he turned himself in at the Port of Entry in San Ysidro, California.

In October of 2018, Special Agent Joseph Cheng made a copy of the data stored on Mr. Woolard's phone (N-71) and put this information on a DVD (N-80). *See* Dkt. #549 at 2. SA Cheng produced that DVD to Defendant Woolard's counsel on February 28, 2019. *Id.* The Government maintains that SA Cheng did not realize there was attorney-client communications stored on the phone until a subsequent review of the phone's data on March 22, 2019. The Government states SA Cheng immediately stopped his review, notified an AUSA, and that an

ORDER DENYING MOTION TO SUPPRESS EVIDENCE FROM CELL PHONE N-71 – 1

outside AUSA was later assigned to review and segregate any attorney-client information. *Id*. at 3. Mr. Woolard's counsel was informed of this in November of 2019. The instant Motion was not filed until July 29, 2020.

Mr. Woolard points out the Government knew he was represented by an attorney at the time he was arrested. He argues that SA Cheng did not just copy the phone at issue but "reviewed" it in October of 2018. Dkt. #586 at 2 (citing DEA 6 document stating, "[d]uring a review of emails contained on exhibit N-71, SA Cheng identified that Bradley WOOLARD was communicating with individuals from www.topkeychem.com, www.best-feel.com, and www.wh-wanli.com."). Mr. Woolard details several other mistakes made by the Government in handing off this phone's information to a filter team and in producing this information to the multiple Defendants in this case. *See* Dkt. #406 at 3–5. Mr. Woolard argues, "it is abundantly clear that the case agent reviewed Mr. Woolard's unredacted phone download" and that "there was insufficient separation between the filter team and the prosecution team such that the prosecution team had access to the very privileged materials the filter team attorney was assigned to prevent them from seeing." *Id.* at 6.

*United States v. Danielson*, 325 F.3d 1054 (9th Cir. 2003) sets out a two-prong test for determining whether a Sixth Amendment violation has occurred after the government obtained attorney-client privileged information. First, the defendant must make a prima facie showing that the government "acted affirmatively to intrude into the attorney-client relationship and thereby to obtain the privileged information." *Danielson* at 1071. "A defendant must show, at a minimum, that the intrusion was purposeful, that there was communication of defense strategy to the prosecution, or that the intrusion resulted in tainted evidence." *United States v. Fernandez*, 388 F.3d 1199, 1240 (9th Cir. 2005). Once such a showing is made, the burden shifts to the

ORDER DENYING MOTION TO SUPPRESS EVIDENCE FROM CELL PHONE N-71 – 2

government to show that there has been no prejudice to the defendant. *Id.* (citing *United States v. Mastroianni*, 749 F.2d 900, 908 (1st Cir. 1984)). The government is required to show no use of the privileged information and establish an independent source for any of its evidence or trial strategy. *See id.* (citing *Kastigar v. United States*, 406 U.S. 441, 460 (1972)).

Mr. Woolard has convinced the Court that SA Cheng intentionally accessed the information on this phone in October of 2018, and that at some point he began reviewing attorney-client communications. There is no evidence that SA Cheng should have known that such communications would be on this phone or intentionally sought out these communications. The Government admits it bungled its response by inadvertently failing to immediately segregate information and failing to notify defense counsel to delete produced copies of this information. There was clearly a delay in taking these steps. However, there is no evidence that any agent acted purposefully to review attorney-client information or that such information has been used in this prosecution. Considering all of the above, Mr. Woolard has failed to make a prima facie showing that the Government acted purposefully to intrude on attorney-client communications specifically, or that defense strategy was relayed to the prosecution, or that this intrusion has now resulted in tainted evidence. A *Kastigar* hearing is not warranted under the above standards.

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant Woolard's Motion to Suppress Evidence from Cell Phone N-71, Dkt #406, is DENIED.

DATED this 25th day of June, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO SUPPRESS EVIDENCE FROM CELL PHONE N-71 – 3