# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff

v.

BRADLEY WOOLARD,
ANTHONY PELAYO, and
JEROME ISHAM,

Defendants.

CASE NO. CR18-217RSM

ORDER DENYING MOTIONS TO SUPPRESS AND FOR FRANKS HEARINGS FILED BY DEFENDANTS WOOLARD, PELAYO, AND ISHAM

This matter comes before the Court on the Motions to Suppress and for Franks Hearing filed by Defendant Bradley Woolard, Dkt. #65 (supplemented at Dkt. #413), Defendant Pelayo, Dkt #430, and Defendant Isham, Dkt #432. A hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) was held on June 21, 2021, for Mr. Woolard's Motion. At the end of the hearing, the Court delayed ruling to review supplemental briefing, which has been submitted. *See* Dkt. #732.

A *Franks* hearing determines "the validity of the affidavit underlying a search warrant." *United States v. Kleinman*, 880 F.3d 1020, 1038 (citation omitted). To obtain a *Franks* hearing, a defendant must make a substantial preliminary showing that: (1) "the affiant officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant," and (2) "the false or misleading statement or omission was material, *i.e.*, necessary to

ORDER – 1

finding probable cause." *United States v. Perkins*, 850 F.3d 1109, 1116 (9th Cir. 2017) (citation, alteration, and internal quotation marks omitted). Once the defendant makes that showing, to prevail at the subsequent hearing, he must establish both prongs by a preponderance of the evidence. *See United States v. Martinez-Garcia*, 397 F.3d 1205, 1214-15 (9th Cir. 2005).

Under the first step of *Franks*, "[a] negligent or innocent mistake does not warrant suppression." *Perkins*, 850 F.3d at 1116 (citing *Franks*, 438 U.S. at 171). Under the second step of Franks, "[t]he key inquiry is 'whether probable cause remains once the evidence presented to the magistrate judge is supplemented with the challenged omissions.'" *Perkins*, 850 F.3d at 1119 (quoting *United States v. Ruiz*, 758 F.3d 1144, 1149 (9th Cir. 2014)). "Probable cause to search a location exists if, based on the totality of the circumstances, there is a 'fair probability' that evidence of a crime may be found there." *Perkins*, 850 F.3d at 1119 (citing *United States v. Hill*, 459 F.3d 966, 970 (9th Cir. 2006)).

Mr. Woolard argues SA Cheng omitted certain facts related to the reliability of a confidential informant who was relied on for the search warrant for his residence, and certain facts related to the surveillance of a vehicle that stopped at that residence. These alleged omissions were discussed in great detail at the *Franks* hearing, with the Court reviewing helicopter surveillance footage, witness testimony from agents conducting the surveillance, and even testimony from the confidential informant.

One remaining issue at the end of the hearing was for the Government to produce to defense counsel an unredacted copy of the confidential informant Cooperation Agreement. The Court has now reviewed that agreement and the supplemental briefing provided by Mr. Woolard.

The Court has reviewed the extensive briefing on this Motion and related Motions from other Defendants and listened to the testimony of affiant SA Cheng and other witnesses called

ORDER – 2

by Defendants Woolard, Pelayo, and Isham, who were each present at the hearing. The Court finds that Mr. Woolard has not established by a preponderance of the evidence that SA Cheng omitted material facts knowingly, intentionally, or with reckless disregard for the truth in preparing the affidavit. To the contrary, the credible testimony of SA Cheng establishes that the omissions at issue were innocent, or at worst negligent under the circumstances at the time the affidavit was being drafted. This alone is a sufficient basis to deny this Motion.

In any event, Mr. Woolard also failed to satisfy the second requirement under *Franks* because none of the alleged false statements or omissions materially affected the probable cause determination. Mr. Woolard has failed to show that the confidential informant was promised a monetary benefit for providing the information at issue, or that a theoretical discussion of money would have materially affected the finding of probable cause, or that the other offered benefits of the Cooperation Agreement would have materially affected the finding of probable cause. The omitted facts about the surveillance, including losing sight of the surveilled vehicle and the possibility of drugs later found in the vehicle coming from a source other than the Woolard residence, would not have materially affected the finding of probable cause either given the other facts supporting the warrant. Based on the totality of the circumstances, there remained a "fair probability" that evidence of a crime would be found at the Woolard residence.

Separate and apart from the issues presented at the Franks hearing, the Court finds that the affidavit presented sufficient facts to support a finding of probable cause to search Mr. Woolard's residence based on the totality of the circumstances. Accordingly, Mr. Woolard's Motion, Dkt. #65, will be denied.

Mr. Pelayo's Motion to Suppress relies heavily on Mr. Woolard's Motion. *See* Dkt. #430 at 1 ("[t]his motion is supported by Pelayo's Notice of Joinder in Docket No. 65…"). Mr. Pelayo

ORDER – 3

argues that the search warrant to search his residence was not supported by probable cause because it relied on "evidence seized from the execution of the warrant challenged in defendant Woolard's motion to suppress" and evidence from the search of Mr. Pelayo's iCloud account. *Id*. at 1–2. Because the Court has now denied Mr. Woolard's Motion and earlier denied Mr. Pelayo's Motion related to his iCloud account, *see* Dkt. #701, these no longer serve as bases to challenge the search warrant. The Court previously ruled that "Mr. Pelayo has failed to demonstrate that he had a personal expectation of privacy in the target of the searches at issue in Dkt. #65—Mr. Woolard's residences," and that he "does not have a basis to challenge those searches under the Fourth Amendment." Dkt. #701 at 3. Mr. Pelayo has failed to make a substantial preliminary showing of intentional or reckless false or misleading statements or omissions in support of the warrant or that such would be material. The Court further finds that Mr. Pelayo has failed to demonstrate that the search warrant for his residence lacked particularity, was overly broad, was an unconstitutional general warrant, or relied on stale information, for the reasons stated by the Government in its response.[1] *See* Dkt. #523 at 3–7.

Mr. Isham's Motion to Suppress relies entirely on Mr. Woolard's now-denied Motion and the information in the supplemental brief filed by Mr. Woolard. *See, e.g.,* Dkt. #432 at 4 ("Rather than repeat the arguments made by Mr. Woolard, we adopt them in their entirety in the interest of brevity and judicial economy."). Even if Mr. Woolard's Motion had not been denied, Mr. Isham has failed to demonstrate that he had a personal expectation of privacy in the target of the searches at issue in Dkt. #65—Mr. Woolard's residences—and he does not have a basis to

---

[1] The Ninth Circuit has explained that "[i]nformation underlying a warrant is not stale 'if there is sufficient basis to believe, based on a continuing pattern or other good reasons, that the items to be seized are still on the premises.'" *United States v. Schesso*, 730 F.3d 1040, 1047 (9th Cir. 2013) (citations omitted). This standard was met here based on the pattern established by the submitted evidence and the expert opinion of Special Agent Cheng.

ORDER – 4

challenge those searches under the Fourth Amendment. Mr. Isham has otherwise failed to make a substantial preliminary showing of material intentional or reckless false or misleading statements or omissions in support of the warrant. Given all of this, the Court finds that Mr. Isham has failed the meet the standard under *Franks* and this Motion will be denied.[2]

Having reviewed the briefing for these Motions, along with the remainder of the record, the Court hereby finds and ORDERS that the Motions to Suppress and for Franks Hearing filed by Defendant Bradley Woolard, Dkt. #65, Defendant Pelayo, Dkt #430, and Defendant Isham, Dkt #432, are DENIED.

DATED this 6th day of July, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Mr. Isham's counsel argued at length at the *Franks* Hearing on Mr. Woolard's Motion that Mr. Isham's Motion should be granted because the Government never filed a response brief. Although the Government did not file a response brief to Mr. Isham's Motion directly, it responded to Mr. Woolard's Motion, upon which Mr. Isham's Motion was based, and the Court considers itself fully briefed on the issues.

ORDER – 5