UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff

v.

BRADLEY WOOLARD,
ANTHONY PELAYO, and
JEROME ISHAM,

Defendants.

CASE NO. CR18-217RSM

ORDER RE: DISPUTED MOTIONS IN LIMINE

## I. INTRODUCTION

This matter comes before the Court on Defendant Woolard's Motions in Limine, Dkt #756, Defendant Pelayo's Motion to Exclude under 404(b), Dkt #738, and Motion in Limine to exclude evidence of fentanyl deaths, Dkt #763, Defendant Isham's Motions in Limine, Dkt #757, and the Government's Motions in Limine, Dkt #794. These Motions are GRANTED, DENIED, and DEFERRED as stated below.

## II. DEFENDANT WOOLARD'S MOTIONS

1. **Alleged threats of harm to cooperating witnesses**. Mr. Woolard moves to exclude evidence of threats and intimidation made by Mr. Woolard or an intermediary against cooperating witnesses, including threats that occurred as far back as 2013, and threats

ORDER RE: DISPUTED MOTIONS IN LIMINE – 1

against individuals who are not witnesses in this case. Dkt. #756 at 2. In Response, the Government says it only "plans to offer evidence that Woolard told his wife he planned to have cooperating witness GT killed," and that two witnesses will testify they were approached by an intermediary and warned against cooperating against Woolard. *See* Dkt. #761 at 1. The Government will argue intimidation was a reason why one of these witnesses did not agree to cooperate until after he was sentenced. Evidence of potential witness tampering is admissible under FRE 404(b) to show consciousness of guilt. *See United States v. Begay*, 673 F.3d 1038, 1046 (9th Cir. 2011). Such evidence can be more probative than prejudicial because it explains why witnesses delay coming forward. *Id*. The Court finds that this evidence is admissible under FRE 404(b) and is not more prejudicial than probative. However, references to threats that occurred prior to a witness's cooperation with the Government, or against individuals who are not witnesses at all are more prejudicial than probative unless such threats are otherwise related to the charges. GRANTED IN PART AND DENIED IN PART.

2. **Claims of domestic abuse**. Mr. Woolard moves to exclude evidence that he abused his wife Shawna Bruins and offered her drugs for her personal use as irrelevant and unfairly prejudicial. Dkt. #756 at 3. The Government "will not seek to introduce evidence of Woolard's physical harm, or threats of such harm, against his wife, without leave of the Court, if the government believes the door has been opened." Dkt. #761 at 2. The Court finds that evidence of providing oxycodone and fentanyl pills may prove relevant and is not more prejudicial than probative given the crimes alleged in this action and the alleged involvement of Mr. Woolard's wife in those crimes. GRANTED IN PART AND DENIED IN PART.

ORDER RE: DISPUTED MOTIONS IN LIMINE – 2

3. **Woolard's prior felony conviction for unlawful use of a building for drug purposes**. The Government has agreed it will not seek to introduce this matter without leave of the Court. DEFERRED.

4. **Trap door leading to hidden room on Camano Island**. The government agrees it will not seek to introduce this matter. Whether or not Mr. Woolard had a trap door and hidden room on a Camano Island property has no relevance to the charges here. GRANTED.

5. **Evidence of marijuana grow operations between 2009 and 2015**. Mr. Woolard argues that whether or not he "operated marijuana grows, the number of marijuana grows, and how much he allegedly earned has no relevance to the current charges involving fentanyl and firearms." Dkt. #756 at 4. The Government intends to offer this "as evidence of motive as to why Woolard created the charged conspiracy." Dkt. #762 at 2. The Government's theory is that Washington State's legalization of marijuana sales in 2012 led to gradual declines in Woolard's marijuana profits, compelling him to switch to making fentanyl pills. *Id*. The Government also intends to offer this evidence to show Mr. Woolard's prior business relationship with Defendants Pelayo, Lugo, and others involved in the charged criminal conspiracy. The Court agrees with the Government that Mr. Woolard's prior marijuana grow operations is relevant background to support the current charges. DENIED.

6. **Stolen firearms**. Mr. Woolard argues the Government will introduce evidence that seven of the thirty-three firearms found on his property were stolen, and that this is irrelevant and unfairly prejudicial because he has not been charged with possession of stolen firearms. Mr. Woolard states, "[i]ntroduction of such evidence would suggest without evidence that Woolard either stole the firearms himself or knew they were stolen." Dkt.

ORDER RE: DISPUTED MOTIONS IN LIMINE – 3

#756 at 5. The Court is not convinced based on this thin argument that the Government cannot present evidence that Woolard knew these firearms were stolen. The Government argues that possession of stolen firearms "is relevant evidence to show… that he possessed the firearms in furtherance of a drug trafficking crime, as charged in Count 9." Dkt. #761 at 3. When examining whether a gun is possessed "in furtherance of" a drug trafficking offense for purposes of 18 U.S.C. § 924(c), the Ninth Circuit has said courts should look to all of the circumstances of the possession, in order to determine whether the guns were possessed for a drug trafficking purpose, or "for other, perhaps legitimate, purposes." *United States v. Mosley*, 465 F.3d 412, 416 (9th Cir. 2006). The Court finds that this type of evidence is relevant, and not unfairly prejudicial given the charges in this case. DENIED.

7. **Testimony about seizure of silencers and purpose of silencers**. As with the previous Motion, the Court finds that evidence of the seizure of silencers and brief argument as to the purpose of silencers is relevant to show that Mr. Woolard possessed the firearms in furtherance of a drug trafficking crime, as charged in Count 9, and not more prejudicial than probative. DENIED.

8. **Dangerousness of fentanyl or deaths or overdoses attributed to fentanyl**. The Government will seek to introduce this type of evidence "by way of conspirator text messages and statements showing knowledge of the dangerousness of fentanyl by the defendants." Dkt. #756 at 6. The Government also intends to offer some testimony about the dangerousness of fentanyl "to explain the manner of conducting the investigation." *Id.* The Government says it will not seek to introduce statistics or death toll testimony. The Court finds the proposed evidence and argument relevant to the charged conspiracy

ORDER RE: DISPUTED MOTIONS IN LIMINE – 4

and Defendants' knowledge of the crimes charged. Such evidence may also be relevant to explain law enforcement actions handling seized drugs and handling the investigation in general. DENIED.

9. **Legal opinion that constitutes conclusions of law**. Mr. Woolard moves to exclude testimony from any Government witness as to the reasons why he possessed firearms as "pure speculation." Dkt. #756 at 7. However, law enforcement witnesses may offer testimony, based on their training and experience, about the general practice of drug dealers to establish defendants' modus operandi. *See, e.g., United States v. Nichols*, 786 Fed. Appx. 624 (9th Cir. 2019); *United States v. Anchrum*, 590 F.3d 795, 804 (9th Cir. 2009); *United States v. Freeman*, 498 F.3d 893, 906 (9th Cir. 2007). To the extent Mr. Woolard is concerned with "pure speculation" from a Government witness as to why Mr. Woolard had firearms, such can be cured on cross-examination or an objection to specific testimony. DENIED.

10. **References to Mr. Woolard as "the Accused" rather than "the Defendant."** Mr. Woolard has provided no legal basis to require the Government or the Court to refer to him as "the accused" rather than as a defendant. He has presented no evidence, statistical or otherwise, that the word "defendant" is prejudicial, and it is the Court's typical practice to allow references to the "defendant" during trial. DENIED.

### III.  DEFENDANT PELAYO'S MOTIONS

1. **Evidence of other crimes, wrongs, or acts under FRE 404(b).** Mr. Pelayo moves to exclude evidence of his involvement in Mr. Woolard's marijuana grow operation from 2014-2015 and evidence that he supplied percocet pills (and other opioids) to Defendant Woolard and was supplied marijuana by Mr. Woolard. *See* Dkt. #738. The Court agrees

with the Government that this evidence is admissible under FRE 404(b) to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, and lack of accident, and that it is not more prejudicial than probative given the legalization of marijuana sales in Washington and the much more severe drug crimes at issue in this case. DENIED.

2. **Testimony, evidence, and argument concerning deaths caused by fentanyl**. Dkt. #763. As the Court has already ruled above, the Government's proposed evidence and argument is relevant and not more prejudicial than probative. DENIED.

### IV.  DEFENDANT ISHAM'S MOTIONS

1. **Any evidence offered solely against Mr. Woolard and/or Mr. Pelayo**. Mr. Isham requests that the Court give the jury an appropriate limiting instruction advising the jury that such evidence is not to be used against Mr. Isham. Dkt. #757 at 1. The Government does not object. GRANTED.

2. **Mr. Isham's Marijuana grow operation**. According to Mr. Isham, the Government will offer evidence of his operation of a marijuana grow during and before the conspiracy to explain the ties between the co-defendants, and that one of Mr. Isham's grows was used as a mailing address for a package of drugs from China received as part of this conspiracy. Dkt. #757 at 2. The Government has not responded or otherwise adequately explained why Mr. Isham's marijuana grow operations need to be discussed to explain the ties between co-defendants or witnesses. The fact that he received a package of drugs from China can be introduced without reference to the marijuana grow operation. This evidence is thus irrelevant and properly excluded under FRE 401 and 402. GRANTED.

3. **Prior convictions**. Mr. Isham will stipulate to the fact that he has a prior felony in order to limit prejudice. Dkt. #757 at 2. The parties have agreed to work on an appropriate stipulation to resolve this issue. DEFERRED.

4. **Evidence that the firearm found in Mr. Isham's home was stolen**. The Court finds that such evidence, if introduced, may be relevant to the charge of possession of a firearm in furtherance of a drug trafficking crime against Mr. Isham for the same reasons it is relevant as against Mr. Woolard, as stated above. DENIED.

5. **Evidence of 2011 possession of firearm and drug related charges.** The Government has agreed that it will not offer this evidence unless the defense "opens the door" to the issue. Dkt. #757 at 3. DEFERRED.

6. **Evidence from Mr. Isham's 2012 guilty plea**. The parties indicate they are trying to resolve this issue with a stipulation. *Id.* DEFERRED.

7. Mr. Isham's last Motion simply states that he will not agree to the admissibility of stored communications as detailed in the Government's Motion on the subject. *Id.* at 3–4. This is not a proper Motion as it does not set forth any argument. STRICKEN.

## V. THE GOVERNMENT'S MOTIONS[1]

1. **Details of prior convictions of witnesses**. The Government moves to preclude the defense from impeaching or cross-examining witnesses by offering details about past crimes during its questioning of witnesses, or by offering extrinsic evidence or other evidence regarding prior convictions that is excludable pursuant to FRE 609. Dkt. #794 at 1–2. "'[A]bsent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant

---

[1] The Government has also filed a Motion in Limine re: Admissibility of Stored Communications, Dkt #760. The Court will wait for a timely response from Defendants, if any, before ruling. See CrR 23.2.

ORDER RE: DISPUTED MOTIONS IN LIMINE – 7

upon the conviction.'" *United States v. Osazuwa*, 564 F. 3d 1169, 1175 (9th Cr. 2009), quoting *United States v. Sine*, 493 F.3d 1021, 1036 n. 14 (9th Cir.2007). Generally, "only the prior conviction, its general nature, and punishment of felony range [are] fair game..." *Id.* (quoting *United States v. Albers*, 93 F.3d 1469, 1480 (10th Cir. 1996)). The Court and the parties are aware of these general limitations, and the Government does not go into further detail as to specific witnesses. Accordingly, the Court will rule on this issue on a witness-by-witness basis. DEFERRED.

2. **References to mandatory minimums**. The Government states it "will withdraw" this Motion, but wishes to advise the Court that it will object at trial "if the defense improperly raises issues regarding mandatory minimum, or statutory maximum penalties, that could improperly mislead the jury, that might be unfairly prejudicial to the government's case, or that might confuse the issues." Dkt. #794 at 3. So noted. STRICKEN AS MOOT.

### VI. CONCLUSION

Having reviewed the briefing for these Motions, along with the remainder of the record, the Court hereby finds and ORDERS that the Motions in Limine above are GRANTED, DENIED, and DEFERRED as stated above.

DATED this 9th day of July, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER RE: DISPUTED MOTIONS IN LIMINE – 8