THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                              Plaintiff,

        v.

BRADLEY WOOLARD, ANTHONY
PELAYO, and JEROME ISHAM,

                              Defendants.

CASE NO. CR18-0217-JCC

JURY INSTRUCTIONS

The Clerk shall provide copies of this order to all counsel.

DATED this 30th day of July 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

JURY INSTRUCTIONS
CR18-0217-JCC
PAGE - 1

FINAL INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

FINAL INSTRUCTION NO. 2

The indictment is not evidence. The defendants have pleaded not guilty to the charges. The defendants are presumed to be innocent unless and until the Government proves the defendants guilty beyond a reasonable doubt. In addition, the defendants do not have to testify or present any evidence. The defendants do not have to prove innocence; the Government has the burden of proving every element of the charges beyond a reasonable doubt.

FINAL INSTRUCTION NO. 3

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendants did not testify.

FINAL INSTRUCTION NO. 4

Proof beyond a reasonable doubt is proof that leaves you firmly convinced a defendant is guilty. It is not required that the Government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find the defendant guilty.

FINAL INSTRUCTION NO. 5

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness; and

(2)     the exhibits received in evidence; and

(3)     facts stipulated to by the parties.

FINAL INSTRUCTION NO. 6

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1.      Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.      Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence may have been received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

FINAL INSTRUCTION NO. 7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

FINAL INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

FINAL INSTRUCTION NO. 9

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.

FINAL INSTRUCTION NO. 10

You are here only to determine whether the defendants are guilty or not guilty of the charges in the indictment. The defendants are not on trial for any conduct or offense not charged in the indictment.

FINAL INSTRUCTION NO. 11

A separate crime is charged against each defendant. The charges have been joined for trial. You must consider and decide the case of each defendant separately. Your verdict as to one defendant should not control your verdict as to any other defendant.

All the instructions apply to each defendant, unless a specific instruction states that it applies to only a specific defendant.

FINAL INSTRUCTION NO. 12

A separate crime is charged against one or more defendants in certain counts. The charges have been joined for trial. You must decide the case of each defendant on each crime against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count, unless a specific instruction states that is applies only to a specific defendant or specific count.

FINAL INSTRUCTION NO. 13

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

FINAL INSTRUCTION NO. 14

You have heard testimony that a defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

FINAL INSTRUCTION NO. 15

You have heard evidence that a defendant committed other crimes, wrongs, acts not charged here. You may consider this evidence only for its bearing, if any, on the question of that defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, absence of accident, and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

FINAL INSTRUCTION NO. 16

You have heard evidence that some of the witnesses have been convicted of crimes. You may consider this evidence in deciding whether or not to believe these witnesses and how much weight to give to the testimony of these witnesses.

FINAL INSTRUCTION NO. 17

You have heard testimony from some witnesses who received or are hoping to receive benefits in return for their cooperation. Certain witnesses pleaded guilty to crimes arising out of the same events for which the defendants are on trial. These guilty pleas are not evidence against the defendants, and you may consider them only in determining those witnesses' believability.

For these reasons, in evaluating the testimony of those witnesses, you should consider the extent to which or whether the witness's testimony may have been influenced by any of these factors. In addition, you should examine the testimony of those witnesses with greater caution than that of other witnesses.

FINAL INSTRUCTION NO. 18

You have heard testimony of eyewitness identification. In deciding how much weight to give to this testimony, you may consider the various factors mentioned in these instructions concerning credibility of witnesses. In addition to those factors, in evaluating eyewitness identification testimony, you may also consider:

(1) the capacity and opportunity of the eyewitness to observe the suspect based upon the length of time for observation and the conditions at the time of observation, including lighting and distance;

(2) whether the identification was the product of the eyewitness's own recollection or was the result of subsequent influence or suggestiveness;

(3) any inconsistent identifications made by the eyewitness;

(4) the witness's familiarity with the subject identified;

(5) the strength of earlier and later identifications;

(6) lapses of time between the event and the identification[s]; and

(7) the totality of circumstances surrounding the eyewitness's identification.

FINAL INSTRUCTION NO. 19

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

FINAL INSTRUCTION NO. 20

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

FINAL INSTRUCTION NO. 21

A defendant may be found guilty of a crime (in this case, *Possession with Intent to Distribute Controlled Substances*, *Attempted Possession with Intent to Distribute Controlled Substances,* or *Money Laundering*), even if the defendant personally did not commit the act or acts constituting the crime, but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of *Possession with Intent to Distribute Controlled Substances*, *Attempted Possession with Intent to Distribute Controlled Substances,* or *Money Laundering* by aiding and abetting, the Government must prove each of the following beyond a reasonable doubt:

First, the crime was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced, or procured that person to commit each element of the crime; and

Third, the defendant acted before the crime was completed. It is not enough that a defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crimes.

The Government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

FINAL INSTRUCTION NO. 22

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The Government is not required to prove that a defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

FINAL INSTRUCTION NO. 23

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crimes charged. The defendant must be a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

FINAL INSTRUCTION NO. 24

Each defendant is charged in Count 1 of the indictment with Conspiracy to Distribute Controlled Substances, in violation of Section 841(a)(1) and Section 846 of Title 21 of the United States Code. In order for a defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt as to each defendant:

First, beginning in the year 2015, and ending on or about June 13, 2019, there was an agreement between two or more persons to commit the crime of distributing controlled substances; and

Second, the defendant became a member of the conspiracy knowing of at least one its objects and intending to help accomplish it.

"To distribute" means to deliver or transfer possession of a controlled substance, including fentanyl and furanyl fentanyl, to another person, with or without any financial interest in that transaction.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

FINAL INSTRUCTION NO. 25

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of the conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the Government proves each of the following beyond a reasonable doubt:

(1) The defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) The defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3) The defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

FINAL INSTRUCTION NO. 26

You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

FINAL INSTRUCTION NO. 27

The defendants are charged with specific counts of *Possession of Controlled Substances with Intent to Distribute*, in violation of Section 841(a)(1) of Title 21 of the United States Code. The following chart sets forth the Count, the date on or about the crime is alleged to have occurred, the named defendant, and the controlled substance allegedly possessed with the intent to distribute.

| COUNT | DATE | DEFENDANT(S) | CONTROLLED SUBSTANCE |
|---|---|---|---|
| 2 | April 19, 2018 | BRADLEY WOOLARD | Fentanyl |
| 3 | May 6, 2018 | BRADLEY WOOLARD | Fentanyl |
| 4 | July 24, 2018 | BRADLEY WOOLARD | Furanyl Fentanyl |
| 5 | July 27, 2018 | BRADLEY WOOLARD | Furanyl Fentanyl |
| 6 | July 28, 2018 | BRADLEY WOOLARD | Furanyl Fentanyl |
| 28 | July 22, 2018 | BRADLEY WOOLARD ANTHONY PELAYO JEROME ISHAM | Furanyl Fentanyl |
| 30 | August 3, 2018 | JEROME ISHAM | Furanyl Fentanyl |
| 31 | August 3, 2018 | JEROME ISHAM | Furanyl Fentanyl |
| 48 | August 16, 2018 | BRADLEY WOOLARD | Fentanyl |

In order for each defendant to be found guilty of these charges, the Government must prove, for each count, each of the following elements beyond a reasonable doubt:

First, on or about the date alleged, the defendant knowingly possessed, or aided and abetted the possession of, the specified controlled substance; and

Second, the defendant possessed it, or aided and abetted the possession, with the intent to distribute it to another person.

In order for each defendant to be found guilty of these charges, the Government is not required to prove the amount or quantity of the controlled substance alleged in each count. It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of the controlled substance at issue.

It does not matter whether the defendant knew that the substance was the specific controlled substance alleged in each Count. It is sufficient that the defendant knew that it was some kind of a federally-controlled substance.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of the controlled substance to another person, with or without any financial interest in the transaction.

FINAL INSTRUCTION NO. 28

The defendants are charged with *Attempted Possession of Controlled Substances with Intent to Distribute*, in violation of Section 841(a)(1) of Title 21 of the United States Code and Section 2 of Title 18 of the United States Code. The following chart sets forth the Count, the date on or about the crime is alleged to have occurred, the named defendant, and the controlled substance allegedly possessed with the intent to distribute.

| COUNT | DATE | DEFENDANT(S) | CONTROLLED SUBSTANCE |
|---|---|---|---|
| 10 | August 6, 2018 | BRADLEY WOOLARD | Furanyl Fentanyl |
| 29 | August 3, 2018 | BRADLEY WOOLARD<br>ANTHONY PELAYO<br>JEROME ISHAM | Furanyl Fentanyl |
| 34 | August 15, 2018 | BRADLEY WOOLARD<br>ANTHONY PELAYO<br>JEROME ISHAM | Furanyl Fentanyl |
| 47 | August 8, 2018 | BRADLEY WOOLARD<br>ANTHONY PELAYO<br>JEROME ISHAM | Furanyl Fentanyl |

In order for the defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, on or about the date alleged, the defendant knowingly attempted to possess, or aided and abetted the attempted possession of, the specified controlled substance; and

Second, the defendant attempted to possess, or aided and abetted the attempted possession, with the intent to distribute it to another person.

FINAL INSTRUCTION NO. 29

If you find a defendant guilty of any the controlled substance charges alleged in Counts 1 through 6, 10, 28, 29, 30, 31, 34, 47, and/or 48, you are then to determine whether the Government proved, beyond a reasonable doubt, that the amount of the controlled substance or substances alleged in each count equaled or exceeded certain weights. These weights are set forth on the verdict forms for each defendant. Your determination of weight must not include the weight of any packaging material.

Your decision as to weight must be unanimous.

The Government does not have to prove that the defendant knew the quantity of the controlled substance.

As to Count 1 (the drug conspiracy count), a defendant who is a member of a conspiracy to distribute controlled substances, including fentanyl and furanyl fentanyl, is responsible for: (1) the total amount of fentanyl or furanyl fentanyl distributed or intended to be distributed by the defendant in furtherance of the conspiracy, and (2) the amount of fentanyl or furanyl fentanyl distributed or intended to be distributed by co-conspirators.

FINAL INSTRUCTION NO. 30

Fentanyl is a controlled substance.

As of November 29, 2016, furanyl fentanyl is a controlled substance.

An analogue of fentanyl means any substance that: (a) has a chemical structure that is substantially similar to the chemical structure of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]) propenamide), or (b) which has a stimulant or depressant effect on the central nervous system that is similar to or greater than the stimulant or depressant effect on the central nervous system of fentanyl.

FINAL INSTRUCTION NO. 31

Bradley Woolard and Anthony Pelayo are charged with possessing a firearm in furtherance of the conspiracy to distribute controlled substances as charged in Count 1, in violation of Section 924(c)(1)(A) of Title 18 of the United States Code.

In order for each defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt as to each defendant:

First, the defendant committed the crime of conspiracy to distribute controlled substances, as charged in count one of the indictment, which I instruct you is a drug trafficking crime;

Second, the defendant knowingly possessed at least one of the firearms listed in the verdict form as to that defendant; and

Third, the defendant possessed the firearm in furtherance of the crime of conspiracy to distribute controlled substances as charged in count one.

FINAL INSTRUCTION NO. 32

Jerome Isham is charged with possessing a firearm in furtherance of the conspiracy to distribute controlled substances as charged in Count 1 and in furtherance of possession of furanyl fentanyl with intent to distribute as charged in Count 30 of the indictment, in violation of Section 924(c)(1)(A) of Title 18 of the United States Code.

In order for the defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt as to each defendant:

First, the defendant committed the crime of conspiracy to distribute controlled substances, as charged in Count 1 of the indictment or possession of furanyl fentanyl with intent to distribute as charged in Count 30 of the indictment, which I instruct you are drug trafficking crimes;

Second, the defendant knowingly possessed at least one of the firearms listed in the verdict form as to that defendant; and

Third, the defendant possessed the firearm in furtherance of the crime of conspiracy to distribute controlled substances as charged in Count 1 or possession of furanyl fentanyl with intent to distribute as charged in Count 30 of the indictment.

FINAL INSTRUCTION NO. 33

Defendant Bradley Woolard is charged in Count 8 of the indictment with the unlawful possession of a firearm, in violation of Section 922 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, during a time between July 27, 2018 and continuing until August 19, 2018, the defendant knowingly possessed a firearm;

Second, the firearm possessed had been shipped or transported from one state to another or between a foreign nation and the United States;

Third, at the time the defendant possessed the firearm, the defendant was addicted to a controlled substance or was an unlawful user of a controlled substance; and

Fourth, at the time the defendant possessed the firearm, the defendant knew he was addicted to a controlled substance or was an unlawful user of a controlled substance.

FINAL INSTRUCTION NO. 34

Defendant Jerome Isham is charged in Count 32 of the indictment with the unlawful possession of a firearm, in violation of Section 922(g) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, on or about August 3, 2018, the defendant knowingly possessed a firearm;

Second, the firearm possessed had been shipped or transported from one state to another or between a foreign nation and the United States;

Third, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

Fourth, at the time the defendant possessed the firearm, the defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

The parties have stipulated to the following: (1) Defendant Jerome Isham has been convicted of a crime punishable by imprisonment for a term exceeding one year, a felony, on or about August 15, 2003, in Snohomish County Superior Court, Case No. 03-1-01120-1; (2) on or about August 3, 2018, Defendant Jerome Isham knew he had been convicted of this prior felony and knew he was not permitted to possess firearms; and (3) no further testimony or evidence is necessary to conclusively establish these facts.

FINAL INSTRUCTION NO. 35

Defendants Bradley Woolard and Anthony Pelayo are charged in Count 13 of the indictment, and defendant Anthony Pelayo is charged in Count 35 of the indictment, with the crime of *Conspiracy to Commit Money Laundering*, in violation of Section 1956(h) of Title 18 of the United States Code. In order for a defendant to be found guilty of these counts, the Government must prove each of the following elements beyond a reasonable doubt:

First, there was an agreement between two or more persons to commit the crime of money laundering;

Second, the defendant became a member of the conspiracy knowing of its object, and intending to help accomplish it.

My explanation as to the nature of a conspiracy for Count One applies to these conspiracies as well.

Under the law, there are different types of money laundering conspiracies.  To convict defendant Bradley Woolard and/or Anthony Pelayo of Count 13, you must find that there was an agreement to commit the crime of money laundering, as the term "money laundering" is used in Instruction No. 36.

To convict defendant Anthony Pelayo of Count 35, you must find that there was an agreement to commit the crime of money laundering, as the term "money laundering" is used in Instruction No. 37.

FINAL INSTRUCTION NO. 36

Defendant Bradley Woolard is charged in Counts 14-27 of the indictment, and defendant Anthony Pelayo is charged in Counts 18-20 and 24-27 of the indictment, with specific acts of international money laundering, involving the transporting, and aiding and abetting the transportation of, funds to promote unlawful activity, in violation of Section 1956(a)(2)(A) of Title 18 of the United States Code.

In order for a defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt as to each defendant:

First, the defendant transported, transmitted, or transferred, or aided and abetted the transportation, transmission, or transfer, of, funds from a place in the United States, to a place outside the United States, as specified below; and

Second, the defendant acted with the intent to promote the carrying on of the conspiracy to distribute controlled substances, as charged in Count One.

In order for a defendant to be found guilty of each count of international money laundering, the Government must prove all of the elements set forth above, beyond a reasonable doubt as to each count and each defendant.  The counts are specified in the verdict forms.

FINAL INSTRUCTION NO. 37

Defendant Anthony Pelayo is charged in Counts 36 to 45 of the indictment with specific acts of money laundering, involving the conducting, and aiding and abetting the conducting of, financial transactions in and affecting interstate commerce, which transactions involved the proceeds of a specified unlawful activity, that is conspiracy to distribute controlled substances, in violation of Section 1956(a)(1)(B) of Title 18 of the United States Code.

In order for a defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt as to each defendant:

First, the defendant conducted a financial transaction, or aided and abetted a financial transaction, involving property that represented the proceeds of a conspiracy to distribute controlled substances as charged in Count One;

Second, the defendant knew that the property represented the proceeds of the conspiracy to distribute controlled substances; and

Third, the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, and control of the proceeds of the conspiracy to distribute controlled substances.

A financial transaction is a transaction involving the movement of funds by wire or other means that affects interstate or foreign commerce in any way.

In order for the defendant to be found guilty of each count of money laundering, the Government must prove all of the elements set forth above, beyond a reasonable doubt as to each count.  The counts are specified in the verdict forms.

FINAL INSTRUCTION NO. 38

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

FINAL INSTRUCTION NO. 39

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

FINAL INSTRUCTION NO. 40

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

FINAL INSTRUCTION NO. 41

The punishment provided by law for this crime is for the Court to decide. You may not consider punishment in deciding whether the Government has proved its case against the defendant beyond a reasonable doubt.

FINAL INSTRUCTION NO. 42

A verdict form has been prepared for you for each defendant. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict forms according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

FINAL INSTRUCTION NO. 43

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.