THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR18-0217-JCC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| BRADLEY WOOLARD, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendants Bradley Woolard, Anthony Pelayo, and Jerome Isham's motion to dismiss all charges because they were not arraigned in-person on the fourth superseding indictment (Dkt. No. 827). Having thoroughly considered the motion, the Government's memorandum (Dkt. No. 826), the relevant record, and oral argument, the Court DENIED the motion by oral ruling. (*See* Dkt. No. 830.) This order sets forth the basis for the Court's oral ruling.

On August 6, 2020, Defendants appeared by videoconference from the Federal Detention Center for arraignment on the fourth superseding indictment (Dkt. No. 456). (Dkt. Nos. 491, 492, 493.) Because of the COVID-19 pandemic, arraignments could not be conducted in person at that time without seriously jeopardizing public health and safety. *See* W.D. Wash. General Order Nos. 04-20 (March 30, 2020), 09-20 (June 25, 2020). Defendants declined to consent to being arraigned by videoconference. (Dkt. Nos. 491, 492, 493.) The Court nevertheless proceeded with

ORDER
CR18-0217-JCC
PAGE - 1

the arraignment and informed Defendants that they could be arraigned again in person when it was safe to schedule in-person proceedings. The Court advised Defendants of the charges and penalties, and accepted not guilty pleas of behalf of Mr. Woolard and Mr. Pelayo and entered a not guilty plea on behalf of Mr. Isham.

In May 2021, in-person criminal proceedings resumed at the Seattle Courthouse. *See* W.D. Wash., General Order No. 04-21 (March 19, 2021). Defendants did not attempt to schedule an in-person arraignment, or otherwise raise the issue before trial. After trial began and the jury was empaneled, Defendants moved to dismiss all charges against them because they had not been arraigned in person. (Dkt. No. 827.) They argued that since the jury was now empaneled and trial was underway, dismissal was the only available remedy.

The Court concluded that dismissal was not warranted because Defendants proceeded to trial as though they "had been duly arraigned" and suffered no prejudice from being arraigned by videoconference. *See Garland v. State of Washington*, 232 U.S. 642, 646 (1914) (holding that the defendant waived formal arraignment where the parties proceeded as though defendant "had been duly arraigned" and "a formal plea of not guilty had been interposed" and defendant did not object before trial); *Rossi v. United States*, 278 F. 349, 353 (9th Cir. 1922) (denying relief on appeal where the defendant did not object before trial and the failure to arraign or enter a plea deprived him of no substantial right); *United States v. Putra*, 85 F.3d 639 (9th Cir. 1996) (denying relief on appeal because the defendant "failed to ask the court to arraign her in person prior to the jury's empanelment" and she suffered no prejudice); *Cornett v. United States*, 7 F.2d 531, 531 (8th Cir. 1925) (holding that the lack of arraignment before trial was not a basis for a directed verdict where the defendant was "given any privilege and benefit that he would have had by entering a plea of not guilty before the trial commenced"). The record suggests that Defendants were aware of the lack of an in-person arraignment on the fourth superseding indictment for almost a year before trial but made a strategic decision to not attempt to schedule an in-person arraignment, move to dismiss, or otherwise raise the issue until after a jury was

empaneled, apparently hoping that the Court would be forced to dismiss the charges. As defense counsel acknowledged during oral argument, at an in-person arraignment nothing would have been done differently than was done at the videoconference proceeding.

The purpose of formal arraignment procedures is to ensure "that [the] defendant know[s] what he is accused of and . . . [is] able [to] adequately . . . defend himself." *United States v. Romero*, 640 F.2d 1014, 1015 (9th Cir. 1981). Here, Defendants were fully advised of the charges against them. They had been arraigned in person on each earlier indictment, and were advised of the changes in the fourth superseding indictment at the video arraignment. They had the assistance of counsel at each of these stages, and for almost a year after the videoconference arraignment, they filed pretrial motions and other submissions reflecting knowledge of the charges in the fourth superseding indictment and an intent to proceed to trial on the charges. (*See, e.g.*, Dkt No. 513 at n.14; *see also* Dkt. No. 784 at 1–2 (Mr. Woolard identifying, in his trial brief, the charges against him as those lodged in the fourth superseding indictment).)

For the foregoing reasons, dismissal is not warranted. The Court DENIES Defendants' motion (Dkt. No. 827).

DATED this 2nd day of September 2021.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE